64 P.3d 729 (2003)
2003 WY 29
In the Matter of the Worker's Compensation Claim of Gay E. ROBBINS, an Employee of Safeway, Inc., Appellant (Petitioner),
v.
STATE of Wyoming ex rel. WYOMING WORKERS' SAFETY AND COMPENSATION DIVISION, Appellee (Respondent).
No. 02-97.
Supreme Court of Wyoming.
February 28, 2003.
*730 Bernard Q. Phelan, Cheyenne, Wyoming, Representing Appellant.
Hoke MacMillan, Attorney General; John W. Renneisen, Deputy Attorney General; Gerald L. Laska, Senior Assistant Attorney General; and David L. Delicath, Assistant Attorney General, Representing Appellee.
Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.
KITE, Justice.
[¶ 1] Appellant Gay E. Robbins appeals from the district court's order which affirmed the hearing examiner's denial of her request for worker's compensation benefits for a back injury. We conclude substantial evidence supports the hearing examiner's decision and, therefore, affirm.

ISSUES
[¶ 2] Ms. Robbins presents two issues for our review:
a.
Where objective medical evidence shows an "injury" to a person's back, and that the person has performed hard physical labor for twenty-seven (27) years, and medical opinion shows that such injury probably was caused by such labor, is a finding denying coverage under Wyoming's Workers' Compensation Act justified where the only evidence against coverage is evidence of concurrent degenerative bone disease?
b.
Was the claim timely filed or is there a showing of absence of prejudice?
Appellee State of Wyoming ex rel. Wyoming Workers' Safety and Compensation Division articulates the issues on appeal as follows:
I. Does the expert medical testimony and documentary evidence presented by the Division constitute substantial evidence supporting the Hearing Examiner's determination that [Ms. Robbins] failed to meet her burden of proof?
II. Does substantial evidence support the Hearing Examiner's finding that [Ms. Robbins] filed an untimely injury report and failed to prove a lack of prejudice arising from her untimely filing?

FACTS
[¶ 3] Ms. Robbins was employed by Safeway, Inc. for more than twenty-seven years. During her first nine years with Safeway, she worked as a meat cutter. For the next fourteen years, she was a delicatessen manager. She returned to cutting meat during the last four years of her employment with Safeway. Both positionsmeat cutter and delicatessen managerrequired repetitive physical activities, including lifting, bending, turning, and standing. The meat cutting position was, however, more strenuous than the delicatessen position.
[¶ 4] John H. Babson, M.D. treated Ms. Robbins for various medical problems over *731 several years. On October 14, 1997, Ms. Robbins visited Dr. Babson, complaining of low back pain which radiated down her left leg. She did not relate that the pain resulted from her work activities. Ms. Robbins returned to Dr. Babson on February 17, 1998, with a complaint of mid-back pain. On June 2, 1998, she again sought treatment from Dr. Babson for her back pain. Dr. Babson's notes state Ms. Robbins' spinal X-rays showed degenerative changes without acute pathology, and he diagnosed her as suffering from muscle spasms. Dr. Babson treated Ms. Robbins for work-related right flank pain in January 1999. She visited him on two other occasions in 1999 without mentioning back symptoms.
[¶ 5] On January 17, 2000, Ms. Robbins visited Dr. Babson seeking treatment for work-related stress. The doctor excused her from work, and Ms. Robbins apparently filed an injury report with the Division of Workers' Safety and Compensation (the division), seeking worker's compensation benefits for her mental stress. The division denied her claim.
[¶ 6] Ms. Robbins returned to work on February 27, 2000. Just two days later, Dr. Babson again excused her from work for "medical disability based on job related stress." On April 24, 2000, Dr. Babson examined Ms. Robbins and, although she complained of low back pain, he released her for work because "there [was] no contraindication to her returning to work."
[¶ 7] Ms. Robbins worked for several days in May 2000. At a May 11, 2000, appointment with Dr. Babson, she complained only of work-related stress. Ms. Robbins visited Dr. Babson on May 26, 2000, with continuing muscle spasms and low back pain. He referred her to George J. Guidry, M.D., a neurological surgeon.
[¶ 8] Dr. Guidry examined Ms. Robbins in June 2000. He ordered X-rays and an MRI which revealed hypermobility at the L4-5 level and degeneration of the L5-S1 disk. Dr. Guidry also noted arthritic changes. He eventually recommended surgery to alleviate Ms. Robbins' symptoms.
[¶ 9] On June 9, 2000, Ms. Robbins filed a report of injury with the division, asserting she had suffered a work-related back injury. Safeway filed an employer's report, stating it did not believe Ms. Robbins' injury was work related. The division issued a final determination, denying Ms. Robbins' claim. Ms. Robbins requested a contested case hearing, and the division referred the matter to the Office of Administrative Hearings.
[¶ 10] Prior to the hearing, Ms. Robbins' attorney deposed Dr. Guidry. Dr. Guidry refused to offer an opinion as to the cause of Ms. Robbins' back injury because he was not being paid his typical expert witness fee.[1] Ms. Robbins then scheduled an appointment with Kenneth A. Pettine, M.D., an orthopedic surgeon.
[¶ 11] Ms. Robbins testified at the contested case hearing. Dr. Babson's medical records, Dr. Guidry's deposition testimony, and a letter authored by Dr. Pettine were also submitted as evidence at the hearing. The division called two Safeway employees to testify: Human Resource Representative Stephen Pingree and Store Manager Mark Fenwick. It also submitted the deposition testimony of Duane Kline, M.D. as evidence at the hearing.
[¶ 12] The hearing examiner issued an order denying benefits. She concluded Ms. Robbins had not met her burden of proving her injury occurred in the course and scope of her employment. The hearing examiner also determined Ms. Robbins had not filed her claim within the time limits set out in Wyo. Stat. Ann. § 27-14-502 (LexisNexis 2001) and she did not prove by clear and convincing evidence that neither the division nor her employer was prejudiced by her late filing.
[¶ 13] Ms. Robbins filed a petition for review with the district court, and the district court affirmed the hearing examiner's decision. Ms. Robbins appeals to the Wyoming Supreme Court.

*732 DISCUSSION

A. Causation of Injury
[¶ 14] The hearing examiner determined Ms. Robbins failed to prove by competent medical authority that her injury arose out of and in the course of her employment. The hearing examiner also stated Ms. Robbins failed to meet her burden of proving her injury occurred over a substantial period of time under Wyo. Stat. Ann. § 27-14-603(a) (LexisNexis 2001). Ms. Robbins argues that the hearing examiner's determination was not supported by substantial evidence.
[¶ 15] "When considering an appeal from a district court's review of agency action, we accord no special deference to the district court's conclusions. Instead, we review the case as if it had come directly to us from the administrative agency." French v. Amax Coal West, 960 P.2d 1023, 1027 (Wyo. 1998) (citation omitted); see also State ex rel. Wyoming Workers' Safety and Compensation Division v. Jensen, 2001 WY 51, ¶ 9, 24 P.3d 1133, ¶ 9 (Wyo.2001).
[¶ 16] In a worker's compensation case, the claimant has the burden of proving she suffered a "compensable injury." Logue v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2002 WY 62, ¶ 11, 44 P.3d 90, ¶ 11 (Wyo.2002); see also State ex rel. Wyoming Workers' Compensation Division v. Jacobs, 924 P.2d 982, 984 (Wyo.1996). To satisfy part of that burden, the claimant must prove the injury occurred in the course and scope of employment. Logue, 2002 WY 62, ¶ 11; State ex rel. Wyoming Workers' Compensation Division v. Espinoza, 924 P.2d 979, 981 (Wyo.1996).
[¶ 17] Section 27-14-603(a) sets forth the claimant's burden of proving an injury which occurred over a substantial period of time:
(a) The burden of proof in contested cases involving injuries which occur over a substantial period of time is on the employee to prove by competent medical authority that his claim arose out of and in the course of his employment and to prove by a preponderance of evidence that:
(i) There is a direct causal connection between the condition or circumstances under which the work is performed and the injury;
(ii) The injury can be seen to have followed as a natural incident of the work as a result of the employment;
(iii) The injury can fairly be traced to the employment as a proximate cause;
(iv) The injury does not come from a hazard to which employees would have been equally exposed outside of the employment; and
(v) The injury is incidental to the character of the business and not independent of the relation of employer and employee.
[¶ 18] This court recently refined the standard of review for worker's compensation cases in Newman v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2002 WY 91, 49 P.3d 163 (Wyo.2002). We held "the substantial evidence test is the appropriate standard of review in appeals from WAPA contested case proceedings when factual findings are involved and both parties submit evidence." 2002 WY 91, ¶ 22. "Substantial evidence is relevant evidence which a reasonable mind might accept in support of the agency's conclusions. It is more than a scintilla of evidence." Jensen, 2001 WY 51, ¶ 10 (citation omitted). In the case at bar, the hearing examiner made factual findings, and both parties submitted evidence; therefore, we will apply the substantial evidence test to Ms. Robbins' appeal.
[¶ 19] Ms. Robbins claims the hearing examiner's decision was not supported by substantial evidence because she gave more weight to Dr. Kline's testimony than to Dr. Pettine's testimony. Dr. Pettine examined Ms. Robbins on March 20, 2001. After the examination, he wrote a letter to Ms. Robbins' attorney, which stated in relevant part:
In an attempt to answer your questions, the patient works as a butcher at Safeway and has for numerous years. As far as I know, there are no other contributing factors concerning her current back condition, which is basically two torn discs at L4-5 and L5-S1. I think the current back problem is likely directly related to the twisting, bending, stooping, and extensive use of her upper extremities placing continued *733 stress on the lower lumbar area. I think the injury can fairly be traced to her employment as an approximate cause, and I think it is likely she would not be in the current condition she has been without the long history of employment as a butcher.
The hearing examiner gave little weight to Dr. Pettine's opinion because it was based upon inaccurate and incomplete medical history provided by Ms. Robbins. In this respect, the hearing examiner found:
Robbins failed to mention that she had not worked any significant amount of time for the past one and one half years prior to Dr. Pettine's evaluation, that she was not working as a butcher for the entire 27 years but managed the Deli for 14 of those years, that her back complaints dated back to 1997, some four years prior to Dr. Pettine's examination, or that as recently as January 2000 Robbins related her back pain to activities outside her employment.
[¶ 20] The hearing examiner is the fact-finder in a worker's compensation case and is, consequently, charged with determining the witnesses' credibility. Clark v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2001 WY 132, ¶ 16, 36 P.3d 1145, ¶ 16 (Wyo.2001); Roberts v. R & S Well Service, 2001 WY 117, ¶ 10, 35 P.3d 1219, ¶ 10 (Wyo.2001). When the claimant has not given a medical witness complete or accurate medical information, the hearing examiner may discount or disregard the medical witness' testimony. See, e.g., Franks v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2002 WY 77, ¶ 18, 46 P.3d 876, ¶ 18 (Wyo.2002); Rice v. State ex rel. Wyoming Workers' Safety and Compensation Division, 2001 WY 21, ¶ 16, 19 P.3d 508, ¶ 16 (Wyo.2001). It was, therefore, appropriate for the hearing examiner to give little weight to Dr. Pettine's opinion as to the cause of Ms. Robbins' back injury because he did not have complete and accurate information when he formed that opinion.
[¶ 21] Ms. Robbins also argues that the hearing examiner was incorrect in relying upon the opinion given by Dr. Kline because Dr. Kline never examined her. Dr. Kline, a retired orthopedic surgeon, reviewed Ms. Robbins' medical records at the division's request. He testified that, based upon his review of Ms. Robbins' medical records, he believed her back condition was the result of the aging process and was not caused by her work activities.
[¶ 22] In Russell v. State ex rel. Wyoming Workers' Safety and Compensation Division, 944 P.2d 1151 (Wyo.1997), we found substantial evidence to support the hearing examiner's denial of benefits when the hearing examiner gave greater weight to the opinion of a physician who simply reviewed the claimant's medical records than to the opinion of a physician who had actually examined the claimant but did not have a complete or accurate medical history. It is the hearing examiner's prerogative to examine all the evidence, including the medical opinions offered, and determine whether the claimant has met her burden of establishing the injury occurred in the course or scope of her employment. See 944 P.2d at 1157. Under the particular circumstances of the case at bar, the hearing examiner was justified in giving more weight to Dr. Kline's opinion than to Dr. Pettine's opinion.
[¶ 23] Furthermore, the other evidence in this case supported the hearing examiner's decision that Ms. Robbins' injury did not occur in the course and scope of her employment. Dr. Babson treated Ms. Robbins for back pain for several years. In many of his medical notes, he did not mention the specific cause of her back problems. At her February 17, 1998, appointment, Ms. Robbins indicated her back pain was associated with her strenuous activity in caring for her grandchildren.
[¶ 24] The only time Dr. Babson's notes indicated an association between Ms. Robbins' work and her back pain was on January 11, 1999. Ms. Robbins related that she had pain in her right flank as a result of lifting heavy meat at work. Dr. Babson treated her, and, although she saw him two more times in 1999, she did not report any back pain. In January 2000, Ms. Robbins told Mr. Pingree her 1999 back injury had healed and the back pain she was presently enduring was the result of an incident at home.
*734 [¶ 25] Dr. Babson saw Ms. Robbins several times in the winter and spring of 2000 for work-related stress. She complained of back pain on a couple of those occasions but did not relate it to her work activities. Indeed, Ms. Robbins worked very little during this time period. After Dr. Babson referred her to Dr. Guidry, Dr. Guidry diagnosed various medical problems with her back but refused to offer an opinion as to the cause of those problems. Neither Dr. Guidry nor Dr. PettineMs. Robbins' only medical witnessesdiscussed the § 27-14-603(a) factors for proving a work-related injury which occurred over a substantial period of time. On the record before us, we must conclude substantial evidence supported the hearing examiner's decision that Ms. Robbins did not satisfy her burden of proving her injury occurred in the course and scope of her employment with Safeway.

B. Timeliness of Report
[¶ 26] Our holding that Ms. Robbins did not prove her injury occurred in the course and scope of her employment is dispositive. We do not, therefore, reach the issue of whether Ms. Robbins' injury report was filed in a timely fashion.
[¶ 27] Affirmed.
NOTES
[1] Pursuant to Wyo. Stat. Ann. § 27-14-610 (LexisNexis 2001), the hearing examiner ordered Dr. Guidry to forfeit remuneration for all services rendered to Ms. Robbins because he refused to cooperate at his deposition.