88 P.3d 1045 (2004)
2004 WY 48
In the Matter of the Worker's Compensation Claim of Brad E. LOBERG, Deceased:
Debbie Loberg, Appellant (Petitioner),
v.
State of Wyoming, ex rel., Wyoming Workers' Safety and Compensation Division, Appellee (Respondent).
No. 03-120.
Supreme Court of Wyoming.
April 30, 2004.
*1046 Representing Appellant: Keith R. Nachbar of Casper, Wyoming.
Representing Appellee: Patrick J. Crank, Wyoming Attorney General; John W. Renneisen, Deputy Attorney General; and David L. Delicath, Assistant Attorney General.
*1047 Before HILL, C.J., and GOLDEN, LEHMAN, KITE, and VOIGT, JJ.
HILL, Chief Justice.
[¶ 1] Appellant, Debbie Loberg (Loberg), submitted a claim to Appellee, Wyoming Workers' Safety and Compensation Division (Division), seeking benefits for expenses associated with her husband's burial. Loberg's husband died in an industrial accident. The Division denied her claim, and she requested a hearing before the Office of Administrative Hearings. The hearing officer ruled in favor of the Division. Loberg then appealed to the district court and it affirmed. Loberg contends that the hearing officer and the district court erred in determining, as a matter of law, that she was not entitled to $2,500.00 as a benefit to cover "other related expenses" associated with her husband's burial. The Division reimbursed Loberg for the actual expenses of her husband's burial in the amount of $1,170.80. Loberg also sought an additional benefit of $2,500.00 to cover other unitemized expenses, which the Division denied. We will affirm.

ISSUE
[¶ 2] Loberg raises a single issue in this appeal:
Under the death benefits provision of Wyo. Stat. § 27-14-403(e)(ii), is the surviving spouse entitled to a $2,500.00 lump sum payment in addition to the reimbursement of burial expenses of up to $2,500.00?
The State views the issue this way:
The Hearing Examiner concluded that W.S. § 27-14-403(e)(ii) (Lexis 2001) provides a benefit of up to $2,500.00 for burial expenses and an additional benefit of up to $2,500.00 for other expenses, actually incurred, that are related to the burial. Is that construction in accord with law?

FACTS AND PROCEEDINGS
[¶ 3] For clarity of context we recite the language of the applicable statute, Wyo. Stat. Ann. § 27-14-403(e)(ii) (LexisNexis 2001)[1], here:
§ 27-14-403. Awards generally; method of payment.
....
(e) If an injured employee dies as a result of the work related injury whether or not an award under paragraphs (a)(i) through (iv) of this section has been made:
(i) All awards under paragraphs (a)(i) through (iii) of this section shall cease as of the date of death;
(ii) The burial expenses of the deceased employee shall be paid in an amount not to exceed two thousand five hundred dollars ($2,500.00) together with an additional amount of two thousand five hundred dollars ($2,500.00) to cover other related expenses, unless other arrangements exist between the employer and employee under agreement; [Emphasis added.]
[¶ 4] The parties entered into a stipulation to establish the facts pertinent to this question. On September 14, 2001, Loberg's husband was fatally injured in an industrial accident. Based on receipts submitted to the Division, she was paid $1,170.80 for burial expenses. No other benefits were paid to Loberg under the applicable statute, and Loberg did not submit any additional receipts for reimbursement of burial expenses. Loberg concedes that she is seeking reimbursement for unitemized expenses she incurred incidental to her husband's funeral. The nub of her argument is that the wording of the statute is not ambiguous and, by the words placed in the statute, the legislature intended that a deceased worker's spouse should automatically receive the second $2,500.00 to cover the ordinary costs of a funeral (things such as hotel rooms for relatives, food, travel, phone calls, counseling, opening probate estate, transferring titles and deeds, etc., which may be difficult to fully document or estimate).

*1048 STANDARD OF REVIEW
[¶ 5] The issue posed is one of statutory construction:
Our standard of review with respect to the construction of statutes is well known. In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed in pari materia and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute in pari materia. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Wyoming Board of Outfitters and Professional Guides v. Clark, 2001 WY 78, ¶ 12, 30 P.3d 36, ¶ 12 (Wyo.2001); Murphy v. State Canvassing Board, 12 P.3d 677, 679 (Wyo. 2000). Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation. Billis v. State, 800 P.2d 401, 413 (Wyo.1990) (citing McGuire v. McGuire, 608 P.2d 1278, 1283 (Wyo.1980)).
Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions. Gray v. Stratton Real Estate, 2001 WY 125, ¶ 5, 36 P.3d 1127, ¶ 5 (Wyo.2001); Bowen v. State, Wyoming Real Estate Commission, 900 P.2d 1140, 1143 (Wyo. 1995).
Board of County Commissioners of Teton County v. Crow, 2003 WY 40, ¶¶ 40-41, 65 P.3d 720, ¶¶ 40-41 (Wyo.2003) (some internal citations omitted).

DISCUSSION
[¶ 6] We will begin our discussion by embracing, in this context, the usual burden of proof that is applicable to all worker's compensation claims, i.e., that the claimant has the burden of proving a claim for the benefits sought. See, e.g., Robbins v. Workers' Safety and Compensation Division, 2003 WY 29, ¶ 16, 64 P.3d 729, ¶ 16 (Wyo.2003). The record is clear that Loberg has not substantiated a claim for a sum certain. On the face of the statute, we find the legislative intent unambiguous. Under the applicable worker's compensation statutes, "injury" includes death. Wyo. Stat. Ann § 27-14-102(a)(xi) (LexisNexis 2001). All claims for benefits must be documented. Wyo. Stat. Ann. § 27-24-501 (esp.XX-XX-XXX(f)) (Lexis-Nexis 2003). We are unable to read into the statute the language for which Loberg argues (i.e., that it is a small life/burial insurance policy), although we are sympathetic to her plight. In this respect, as is the case with many others, worker's compensation benefits are not especially generous.
[¶ 7] Loberg directs our attention to several other principles of statutory construction that she contends are applicable here. Her reasoning is that the denial of benefits renders the second $2,500.00 meaningless, if it is construed to be only a second burial expense. We must discount that argument because the statute only allows the second $2,500.00 sum to be paid for expenses incurred that are associated with the burial. Reference to Larson's treatise on worker's compensation law reveals that statutes such as these have generated very little litigation. That is likely because they are statutes that allow reimbursement for expenses incurred, and not a lump sum benefit. The second half of that subsection is not rendered meaningless by our construction of it.
[¶ 8] Loberg also contends that we must construe the statute with an eye to its intended purpose. Continuing, she contends that its apparent purpose is to provide a lump sum benefit to assist a surviving spouse in managing the financial devastation that accompanies the death of a spouse. We agree that the benefit is there to help the surviving spouse cope with the death. However, *1049 we do not ignore the statute's intended purpose by construing it to mean that the expenses claimed under it must be documented with receipts or other substantial evidence. Finally, Loberg refers us to a Maine statute that she claims reflects what the Wyoming legislature really intended in this circumstance. Me.Rev.Stat. Ann. tit. 39A, § 216 (West 2001) provides:
§ 216. Burial expenses; incidental compensation.
If the employee dies as a result of the injury, the employer shall pay, in addition to any compensation and medical benefits provided for in this Act, the reasonable expense of burial, not to exceed $4,000 and an additional payment of $3,000 as incidental compensation. Burial expense reimbursement must be paid to the person who has paid or who is responsible for paying the employee's burial expenses. The incidental compensation must be paid to the employee's estate.
Our perception is that Maine has adopted a statutory scheme that is quite different from Wyoming's, and it does not provide authority for us to construe our statute so as to conform to Maine's model.
[¶ 9] Finally, we will take note that the Division's rules and regulations make only passing reference to the resolution of claims submitted in the wake of an employee's death. See Workers' Compensation Rules, Regulations and Fee Schedules, Chapter 5, Section 2(b), 3 Weil's Code of Wyoming Rules, Chapter 5, 025 220 001-12 (2001). "One measure of a statute's meaning is the interpretation placed on it by the agency charged with its administration, and this Court will defer to that interpretation where it does not conflict with legislative intent." Board of County Commissioners, Sublette County v. Board of Equalization, 2001 WY 91, ¶ 16, 33 P.3d 107, ¶ 16 (Wyo.2001). While we agree that the Division's implementation of the burial benefits is consistent with the apparent intent of the legislature, the Division's analysis of such claims appears to be ad hoc. It should flesh out the scope of those benefits in its rules and regulations, so as to aid the unfortunate claimants who must rely upon those benefits to bury a loved one, and so as to provide a frame of reference for review of decisions made by the Division with respect to such claims.

CONCLUSION
[¶ 10] We hold that the district court was correct in affirming the ruling of the Office of Administrative Hearings, and its order is affirmed.
GOLDEN, J., dissenting.
[¶ 11] Mrs. Loberg's husband was killed in an industrial accident. She submitted to the Division burial expense receipts, and the Division paid $1,170.80 for burial expenses based on her receipts. Without submitting other receipts for related expenses, she sought, but the Division denied, an additional lump sum of $2,500 to cover other related expenses. We are called upon to apply Wyo. Stat. Ann. § 27-14-403(e)(ii) (LexisNexis 2001), which reads in pertinent part:
The burial expenses of the deceased employee shall be paid in an amount not to exceed two thousand five hundred dollars ($2,500.00) together with an additional amount of two thousand five hundred dollars ($2,500.00) to cover other related expenses....
[¶ 12] I agree with Mrs. Loberg that the wording of this statutory provision is unambiguous and plainly reads that she "shall be paid ... an additional amount of two thousand five hundred dollars ($2,500.00) to cover other related expenses." Had the wording in the second clause (together with an additional amount of $2,500 to cover other related expenses) been identical to the wording in the first clause (burial expenses in an amount "not to exceed" $2,500), I would have agreed with the Division's position. But, obviously, the legislature did not write the second clause to read "together with an additional amount not to exceed two thousand five hundred dollars ($2,500.00) to cover other related expenses." Our precedent requires us to work with the language exactly given to us by the legislature.
NOTES
[1] Effective July 1, 2002, the benefits payable under subsection (e)(ii) were increased to $5,000.00 each. The statutory provision in effect at the time of injury controls the award of benefits. Collicott v. Wyoming Workers' Safety and Compensation Division, 2001 WY 35, ¶ 13, 20 P.3d 1077, ¶ 13 (Wyo.2001); also see 5 Larson's Workers' Compensation Law § 98.07 (2003).