# IN THE SUPREME COURT, STATE OF WYOMING

## 2015 WY 107

APRIL TERM, A.D. 2015

_August 17, 2015_

| | |
|---|---|
| IN THE MATTER OF THE WORKERS' COMPENSATION CLAIM OF: | |
| SHERI EATON, | |
| Appellant, (Petitioner) | |
| v. | S-14-0300 |
| STATE OF WYOMING ex rel. DEPARTMENT OF WORKFORCE SERVICES, WORKERS' COMPENSATION DIVISION, | |
| Appellee (Respondent). | |

_Appeal from the District Court of Washakie County_
_The Honorable Robert E. Skar, Judge_

_Representing Appellant:_
> Donna D. Domonkos, Domonkos Law Office, LLC, Cheyenne, Wyoming

_Representing Appellee:_
> Peter K. Michael, Wyoming Attorney General; John D. Rossetti, Deputy Attorney General; Michael J. Finn, Senior Assistant Attorney General; Samantha Caselli, Assistant Attorney General

_Before BURKE, C.J., and HILL, KITE\*, DAVIS, FOX, JJ._

\* Justice Kite retired from judicial office effective August 3, 2015, and pursuant to Article 5, § 5 of the Wyoming Constitution and Wyo. Stat. Ann. § 5-1-106(f) (LexisNexis 2015) she was reassigned to act on this matter on August 4, 2015.

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, **Justice**.

[¶1]    The Wyoming Workers' Compensation Division (Division) denied several benefits and bills submitted by Sheri Eaton, which she claimed were related to a 2010 workplace injury resulting from an incident there.  Ms. Eaton then requested a contested case hearing before the Office of Administrative Hearings (OAH).  After considering the evidence presented, the OAH determined that Ms. Eaton did not prove that her injury was related to the workplace event.  It also upheld the final determination by the Division ceasing payments for temporary total disability benefits and mental health treatment six months after reaching maximum medical improvement. Ms. Eaton then appealed to the district court, which affirmed the OAH's decision.

[¶2]    Ms. Eaton challenges the district court's decision in this appeal.  She claims the hearing examiner's decision to uphold the Division's determination is unsupported by substantial evidence and is arbitrary and capricious.

[¶3]    After examining the briefs, appellate record, and controlling law, this Court has determined unanimously to enter an abbreviated opinion affirming the district court's order pursuant to W.R.A.P. 9.06.[1]

## ISSUES

[¶4]    Ms. Eaton states the issues on appeal as follows:

> 1.    Whether the OAH's decision is supported by substantial evidence.
>
> 2.    Whether the decision of the OAH denying Ms. Eaton's request for benefits is arbitrary and capricious.

## STANDARD OF REVIEW

[¶5]    Our standard of review in an appeal taken from a district court's review of an administrative agency's decision has been oft stated, s*ee Guerrero v. State ex rel. Dep't of Workforce Servs., Workers' Comp. Div.*, 2015 WY 88, ¶ 11, 352 P.3d 262, 265-66 (Wyo. 2015), and need not be restated here.

---

[1] Specifically, W.R.A.P. 9.06(a)(1)-(2) apply in this case.  Thus, in accordance with W.R.A.P. 9.06(b), this abbreviated opinion provides the ultimate disposition without a detailed statement of facts or law. Rule 9.06 was amended effective July 1, 2015.

**ULTIMATE DISPOSITION**

*Substantial Evidence*

[¶6]   "A worker's compensation claimant has the burden of proving all of the essential elements of his claim by a preponderance of the evidence." *Guerrero*, ¶ 15, 352 P.3d at 266 (quoting *State ex. rel. Wyo. Workers' Safety & Comp. Div. v. Slaymaker*, 2007 WY 65, ¶ 13, 156 P.3d 977, 981 (Wyo. 2007)).   To qualify for worker's compensation benefits, an employee must demonstrate he suffered a compensable injury, as defined in Wyo. Stat. Ann. § 27-14-102(a)(xi) (LexisNexis 2015).[2]   Under the statutory definition of injury, the claimant has the burden of "establishing the cause of the condition for which compensation is claimed and proving that the injury arose out of and in the course of employment."   *Guerrero*, ¶ 15, 352 P.3d at 267 (quoting *Hanks v. City of Casper*, 2001 WY 4, ¶ 6, 16 P.3d 710, 711 (Wyo. 2001)).

[¶7]   The claimant must show that there is a causal connection to a reasonable degree of medical probability.   *Guerrero*, ¶ 15, 352 P.3d at 267.   This commonly requires expert medical testimony that it is more probable than not that the work contributed in a material fashion to the precipitation, aggravation or acceleration of the injury.   *Id.*   With all witnesses, the OAH examiner must make credibility determinations.   *See Newman v. State ex rel. Dep't of Workforce Servs., Workers' Safety & Comp. Div.*, 2015 WY 14, ¶ 9, 341 P.3d 1066, 1069 (Wyo. 2015) ("We defer to the hearing examiner's determination of witness credibility unless it is clearly contrary to the overwhelming weight of the evidence."); *see also Robbins v. State ex rel. Wyoming Workers' Safety & Comp. Div.*, 2003 WY 29, ¶ 20, 64 P.3d 729, 733 (Wyo. 2003) ("The hearing examiner is the fact-finder in a worker's compensation case and is, consequently, charged with determining the witnesses' credibility.").

[¶8]   We have carefully reviewed the complete record and are confident that the OAH hearing examiner's conclusion that Ms. Eaton did not satisfy her burden of proving that the injuries for which she claimed worker's compensation benefits were caused by the work-related accident is not contrary to the overwhelming weight of the evidence, and is, therefore, supported by substantial evidence.

---

[2] "Injury" is defined as:

> [A]ny harmful change in the human organism other than normal aging and includes damage to or loss of any artificial replacement and death, arising out of and in the course of employment while at work in or about the premises occupied, used or controlled by the employer and incurred while at work in places where the employer's business requires an employee's presence and which subjects the employee to extrahazardous duties incident to the business.

Wyo. Stat. Ann. § 27-14-102(a)(xi).

***Arbitrary and Capricious***

[¶9]  The arbitrary and capricious standard of review is not easily categorized to a particular standard; rather, it provides a safety net to catch agency action that prejudices a party's substantial rights or is contrary to the other review standards. *In re Vandre*, 2015 WY 52, ¶ 21, 346 P.3d 946, 953 (Wyo. 2015).  It applies, *inter alia*, if the agency failed to provide appropriate findings of fact or conclusions of law. *Id.*

[¶10] After a solicitous examination of the OAH's 53-page *Findings of Fact, Conclusions of Law and Order*, and a detailed review of the record, we agree with the district court that the OAH's determination was not arbitrary or capricious.

[¶11]  Affirmed.