# IN THE SUPREME COURT, STATE OF WYOMING

## 2016 WY 59

APRIL TERM, A.D. 2016

June 10, 2016

|  |  |
|---|---|
| TAYLOR WOFFORD, Petitioner, v. CITY OF LARAMIE, Respondent. | S-15-0226 |
| KARA WALTERS, Petitioner, v. CITY OF LARAMIE, Respondent. | S-15-0227 |

*Original Proceedings*
*Petitions for Writ of Review*
*District Court of Albany County*
*The Honorable Jeffrey A. Donnell, Judge*

*Representing Petitioners:*
    R. Michael Vang of R. Michael Vang, P.C., Laramie, Wyoming.

*Representing Respondent:*
    Holli Austin-Belaski of City of Laramie Attorney Office, Laramie Wyoming.

*Before BURKE, C.J., and HILL, DAVIS, FOX, and KAUTZ, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**FOX, Justice.**

[¶1]    The City of Laramie's Municipal Ordinance 10.24.030(H) created a class of aggravated offenders for those convicted of driving while under the influence with an alcohol concentration of 0.15% or more. Taylor Wofford and Kara Walters were both convicted of driving while under the influence and sentenced to the mandatory minimum pursuant to the aggravated offender ordinance for alcohol concentrations above 0.15%. Their convictions were upheld on appeal to the Albany County District Court. Mr. Wofford and Ms. Walters then filed separate petitions for writ of review. The cases were consolidated, and the petitions were granted as to the issues set forth below. We find that Laramie Municipal Ordinance 10.24.030(H) flouts the uniformly applicable statutes governing traffic regulations, and remand to the district court for proceedings consistent with this opinion.

## *ISSUES*

[¶2]    This Court accepted the following issues for review:

> *Wofford v. City of Laramie* -- No. S-15-0226:
>
>> 1.    Is the Defendant's BAC level an element of an "aggravated offender" DWUI charge pursuant to LMO § 10.24.030(H), which must be proven beyond a reasonable doubt?
>>
>> 2.    Can the City of Laramie create a minimum mandatory jail sentence for BAC results of 0.15% or more, which exceed the punishment allowed for the same BAC level under Wyoming law?
>
> *Walters v. City of Laramie* -- No. S-15-0227:
>
>> 3.    Did the trial court violate Ms. Walters' due process rights, where the jury was instructed to find beyond a reasonable doubt that the Defendant's BAC result was eight one-hundredths of one percent (0.08%) or more, however, the Defendant was sentenced to a minimum mandatory thirty (30) day jail sentence for allegedly having a BAC result of fifteen one-hundredths of one percent (0.15%) or more in violation of the City of Laramie's "aggravated offender" DUI charge?

1

Because the second issue presented by Mr. Wofford is determinative in this case, we will address it first and refrain from resolving the other issues presented.[1]

## FACTS

[¶3]   In 2010, the City of Laramie adopted Laramie Municipal Ordinance 10.24.030(H), which imposed enhanced penalties for driving while under the influence if the offender's alcohol concentration (BAC) was "fifteen one-hundredths of one percent or more, as measured within two hours after the time of driving following a lawful arrest resulting from a valid traffic stop."   Under the ordinance, a driver with a BAC over 0.15% is subject to a mandatory minimum sentence of seven days in jail for a first offense, and thirty days for a second offense.   The state statute governing driving while under the influence does not include a mandatory minimum sentence for a first-time offender, and requires a seven-day mandatory minimum sentence for a second offense.   Wyo. Stat. Ann. § 31-5-233(e) (LexisNexis 2015).   It provides only that a first-time offender may be punished by "imprisonment for not more than six (6) months."   *Id.*   Furthermore, the state statute considers a BAC of 0.15% or more for first-time offenders only for purposes of requiring them to drive vehicles equipped with an ignition interlock device.   Wyo. Stat. Ann. § 31-5-233(f)(ii) (LexisNexis 2015).   Thus, while the Laramie ordinance's mandatory minimum sentence is within the range of imprisonment provided for in state statute, it gives the finding of an elevated BAC a different consequence than the state statute does, by increasing the mandatory minimum penalties.

[¶4]   Petitioner Kara Walters was arrested and charged with driving while under the influence in violation of Laramie Municipal Ordinance 10.24.010.   At trial, the prosecution presented evidence that Ms. Walters' BAC was 0.18% within two hours of her arrest.   (The elements instruction, however, only required that the jury determine whether Ms. Walters' BAC was 0.08% or more.)   The jury convicted Ms. Walters.   At sentencing, the municipal court relied on the aggravated offender ordinance to sentence Ms. Walters to a mandatory minimum sentence of thirty days in jail for her second offense in accordance with Laramie Municipal Ordinance 10.24.030(H).[2]

---

[1] The City concedes that under the United States Supreme Court's ruling in *Alleyne v. United States*, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the Laramie Municipal Court erred when it determined that the BAC of the Petitioners was not required to be found beyond a reasonable doubt by the jury.   Because the Petitioners' high BAC subjected them to a mandatory minimum sentence pursuant to Laramie Municipal Code 10.24.030(H), it was an element of the crime required to be proven by the prosecution beyond a reasonable doubt.   "Any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt.  Mandatory minimum sentences increase the penalty for a crime.  It follows, then, that any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury."   *Id.* at 2155 (internal citation omitted).

[2] The ordinance provides:

> Any person convicted of violating this chapter shall be sentenced as an
> aggravated offender if the person has an alcohol concentration of fifteen

2

[¶5]    Petitioner Taylor Wofford was arrested and charged with driving while under the influence in violation of Laramie Municipal Ordinance 10.24.010.   Mr. Wofford proceeded to trial where the prosecution presented evidence that his BAC was 0.17% within two hours of his arrest.  (Again, the jury was instructed that they needed only to determine that Mr. Wofford's BAC was 0.08% or more to convict.)  The jury convicted Mr. Wofford.  At sentencing, the prosecutor argued that the municipal court should treat Mr. Wofford as an aggravated offender pursuant to Laramie Municipal Ordinance 10.24.030(H).  The court agreed, and sentenced Mr. Wofford to the mandatory minimum sentence of seven days in jail for a first-time offender, with two days credit for time served.

[¶6]    The Petitioners both appealed to the Albany County District Court, where their convictions and sentences were affirmed.  Petitioners filed separate Petitions for Writ of Review in this Court, which we consolidated and granted in part.

## DISCUSSION

***Can the City of Laramie create a minimum mandatory jail sentence for BAC results of 0.15% or more, which exceed the minimum punishment for the same BAC level under Wyoming law?***

[¶7]    The issue of whether the City of Laramie possessed the authority to adopt Laramie Municipal Ordinance 10.24.030(H) requires us to interpret the relevant statutory provisions.  Our review is therefore *de novo*.  *MF v. State*, 2013 WY 104, ¶ 6, 308 P.3d 854, 857 (Wyo. 2013).   The City of Laramie characterizes this issue as one of preemption, citing *Gueke v. Board of County Commissioners for Teton County*, 728 P.2d 167, 168 (Wyo. 1986), *overruled by Dunnegan v. Laramie County Commissioners*, 852 P.2d 1138 (Wyo. 1993), for the proposition that "local governments 'may pass laws which go beyond a state statute governing the same subject as long as the local law is not in direct conflict with the statute and the legislature has not preempted the regulation of the field.'"  *Id*. at 168.

---

one-hundredths of one percent or more, as measured within two hours after the time of driving following a lawful arrest resulting from a valid traffic stop.  For a first offense, the offender shall be guilty of a misdemeanor punishable by imprisonment for not less than seven days nor more than six months . . . .  For a second or subsequent offense, the offender shall be guilty of a misdemeanor punishable by imprisonment for not less than thirty days nor more than six months.

Laramie Municipal Ordinance 10.24.030(H).

[¶8]   In *Gueke*, this Court found that Teton County had the authority to impose greater restrictions on fireworks than those under state statute.  728 P.2d at 171.  But there, the act governing use of fireworks specifically authorized municipalities to enact further restrictions upon the sale and use of fireworks within city limits:

> "This act [§§ 35-10-201 to 35-10-207] shall not be construed to prohibit the imposition by municipal ordinance of further regulations or prohibitions upon the sale, use and possession of fireworks within the corporate limits of any city or town, but no such city or town shall permit or authorize the sale, use, or possession of any fireworks in violation of this act."
> § 35-10-205, W.S.1977.

*Id.* at 168.  (In *Dunnegan*, this Court emphasized the importance of this provision when it held that it applied only to municipalities, and not counties, and it therefore found that counties were not authorized to enact more restrictive laws governing fireworks.  852 P.2d at 1141.)  The statutes governing driving while under the influence contain no such broad authorization to municipalities.  Instead, the statutes regulating traffic demonstrate that the legislature has "preempted the field."  *Gueke*, 728 P.2d at 168.

[¶9]    "In interpreting statutes, our primary consideration is to determine the legislature's intent.  All statutes must be construed in *pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony."  *BP Am. Prod. Co. v. Dep't of Revenue, State of Wyo.*, 2005 WY 60, ¶ 15, 112 P.3d 596, 604 (Wyo. 2005) (quoting *Loberg v. State ex rel. Wyo. Workers' Safety & Comp. Div.*, 2004 WY 48, ¶ 5, 88 P.3d 1045, 1048 (Wyo. 2004)).  Moreover, "it is a fundamental rule of statutory interpretation that . . . every word, clause, and sentence must be construed so that no part is inoperative or superfluous."  *Deloges v. State ex rel. Wyo. Worker's Comp. Div.*, 750 P.2d 1329, 1331 (Wyo. 1988).

[¶10]  The Wyoming DWUI statutes are part of the "Uniform Act Regulating Traffic on Highways" (the Act).  Wyo. Stat. Ann. §§ 31-5-101 through 31-5-1701 (LexisNexis 2015).  Section 31-5-108 of the Act declares:

> The provisions of this act shall be applicable and uniform throughout this state and in all political subdivisions and municipalities therein.  Local authorities may, however, adopt by ordinance, traffic regulations for all streets within their city limits and highways under their corporate jurisdiction and shall have the express authority to enforce the traffic regulations so adopted, by action in their respective local municipal courts.

4

Wyo. Stat. Ann. § 31-5-108. The legislature's intent in adopting this language is clear. Traffic regulations, including those regulating driving while under the influence, are to be "identical or consistent"[3] throughout the state. *See Wyo. Game & Fish Comm'n v. Thornock*, 851 P.2d 1300, 1304 (Wyo. 1993) ("When the language in a statute is plain and unambiguous, the words are to be accorded their plain and ordinary meaning unless there is found some manifestation of a legislative intent that they not be accorded that plain and ordinary meaning."). We read the second sentence of § 31-5-108 in *pari materia* with the first sentence, and in a manner that avoids rendering one part of the statute inoperative or superfluous. The first sentence must therefore modify the second. The first sentence of the statute expressly states the legislature's intent that the Act be applied uniformly. The second sentence authorizes political subdivisions and municipalities to adopt and enforce traffic regulations within that uniform state scheme.[4]

[¶11] Section § 31-5-109 supports our reading of the language of § 31-5-108. It authorizes local authorities to regulate twenty specific traffic issues (for example, "[r]egulating or prohibiting stopping, standing or parking" (Wyo. Stat. Ann. § 31-5-109(a)(i), and also authorizes them to adopt "such other traffic regulations as are specifically authorized by this act" (Wyo. Stat. Ann. § 31-5-109(a)(xx)). "For purposes of determining uniformity . . . we examine not only the individual state statute at issue. We look at whether the entire enactment of which the statute is a part is uniformly applicable." *Farha v. City of Wichita*, 161 P.3d 717, 725-26 (Kan. 2007) (citation omitted).

[¶12] The uniformity of traffic regulations is a concern unique to the state. Uniformity "is a rule of necessity based upon the need to prevent dual regulation which would result in uncertainty and confusion[.]" *Missouri Pac. R.R. v. Bd. of Cty. Comm'rs of Greeley Cty.*, 643 P.2d 188, 192 (Kan. 1982) (citations omitted). The Wyoming legislature

---

[3] "Uniform" means "identical or consistent, as from example to example, place to place, or moment to moment." Dictionary.com, at http://www.dictionary.com/browse/uniform?s=t (last visited June 7, 2016).
[4] This "uniform" language of the statute tracks the language of Wyo. Const. art. 13, §1(b), the "home rule amendment," which states:

> All cities and towns are hereby empowered to determine their local affairs and government as established by ordinance passed by the governing body, subject to referendum when prescribed by the legislature, and further subject only to statutes uniformly applicable to all cities and towns[.]

*See* Thomas S. Smith, *No Home on the Range for Home Rule*, 31 Land & Water L. Rev. 791, 803 (1996). Although constitutional questions may be implicated, we will not further discuss them for two reasons: First, "we will not address constitutional issues if we are able to resolve the case on other grounds." *Wilson v. Bd. of Cty. Comm'rs of Cty. of Teton*, 2007 WY 42, ¶ 14, 153 P.3d 917, 922 (Wyo. 2007). Second, we are reluctant to frame the issues for litigants when they have not raised them or "supported [them] by cogent argument or authoritative citation." *State v. Campbell Cty. Sch. Dist.*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001).

enacted a comprehensive act governing traffic. It clearly instructed that the Act's provisions should be "applicable and uniform throughout this state," although it authorized local governments to enact local ordinances consistent with the Act's provisions. Wyo. Stat. Ann. § 31-5-108. It granted specific and clearly delineated powers to local authorities within the larger regulatory scheme. Wyo. Stat. Ann. §§ 31-5-109, 110. It set forth the range of penalties for a DWUI first offender, Wyo. Stat. Ann. § 31-5-233(e), including requiring an ignition interlock device for those convicted of driving with a BAC of 0.15% or more, Wyo. Stat. Ann. § 31-5-233(f)(ii), and imposing a mandatory minimum sentence for second offenders of seven days, Wyo. Stat. Ann. § 31-5-233(e). It is clear the legislature intended traffic regulations, including those related to driving while under the influence, be uniformly applied throughout the state. The state statutes governing DWUI offenders do not include enhanced sentences for an aggravated offender category, nor do they require a mandatory minimum jail sentence based on the BAC of a first-time offender. The enhanced penalties in Laramie Municipal Ordinance 10.24.030(H) disrupt the uniformity of the statutory scheme. When this occurs, the municipal ordinance must fail because it is not consistent with "uniform [regulation] throughout this state and in all political subdivisions and municipalities therein." Wyo. Stat. Ann. § 31-5-108. Laramie Municipal Ordinance 10.24.030(H) is therefore void.

[¶13]  We must now determine whether Laramie Municipal Ordinance 10.24.030(H) can be severed without invalidating the entire ordinance.[5]  An invalid provision is severable "if, and only if, it is grammatically, functionally, and volitionally separable" from the remainder. 6 Eugene McQuillin, *The Law of Municipal Corporations* § 20:72 (3d ed. updated April 2016). "[A] local ordinance is 'grammatically separable' . . . if it is distinct and separate and, hence, can be removed as a whole without affecting the wording of any of the measure's other provisions[.]" *Id.* "For . . . a local ordinance to be 'functionally separable,' the remainder after separation of the invalid part must be complete in itself and capable of independent application and the invalid portion must not have been necessary to the measure's operation and purpose." *Id.* Subsection (H) of Laramie Municipal Ordinance 10.24.030 is clearly both grammatically and functionally separable from the remainder of the ordinance. Because the entirety of the offending portion is encompassed within a subsection, the invalid subsection can easily be separated without doing violence to either the grammar or functionality of the remainder. "The 'volitionally separable' requirement is satisfied if the remainder is complete in itself and would have been adopted by the legislative body had the latter foreseen the partial invalidation of the statute[.]" *Id.* The offending subsection of the ordinance was not adopted until after the remainder was in place. *See* Code Comparative Table and Disposition List, available at https://www2.municode.com/library/wy/laramie/codes/ code_of_ordinances?nodeId=COCOTADILI (last visited June 7, 2016) (Ordinance No.

---

[5] The Laramie Municipal Code does not contain a severability clause applicable to its DWUI regulations; however, "[a] severability clause  is not necessary to maintain the partial validity of an ordinance." Eugene McQuillin, 6 *Law of Municipal Corporations* § 20:72 (3d ed. updated April 2016).

1592 enacted on December 21, 2010, stating that subsection (H) was added at that time to Laramie Municipal Ordinance 10.24.030).[6]  As a result, the Laramie City Council clearly contemplated the remainder of the statute operating without the invalid subsection prior to its enactment, and can do so again after it is removed.  Laramie Municipal Ordinance 10.24.030(H) is therefore severed from the remainder of the ordinance.

[¶14]  Unlike Mr. Wofford, Ms. Walters did not raise the validity of Laramie Municipal Ordinance 10.24.030(H) as an issue in her Petition for Writ of Review.  Nevertheless, our invalidation of Laramie Municipal Ordinance 10.24.030(H) is dispositive as to both Petitioners in this action.

> When a writ of review is granted, the reviewing court "***may*** set forth the particular issue or point of law which will be considered."  W.R.A.P. 13.07 (emphasis added).  The reviewing court's review is not limited to only an issue defined by the respondent.  Instead the reviewing court may "reverse, vacate, remand or ***modify*** the decision for errors appearing on the record."  W.R.A.P. 13.08 (emphasis added).

*Bd. of Cty. Comm'rs for Sublette Cty. v. Exxon Mobil Corp.*, 2002 WY 151, ¶ 21, 55 P.3d 714, 721 (Wyo. 2002).  Both Petitioners' sentences are therefore vacated.

## *CONCLUSION*

[¶15]  Laramie Municipal Ordinance 10.24.030(H) violates the statutory requirement that the provisions of the "Uniform Act Regulating Traffic on Highways" be applicable and uniform throughout this State, and is therefore void.  This matter is remanded to the district court to proceed in accordance with this decision.

---

[6] The Court takes judicial notice of the City of Laramie's Code Comparative Table and Disposition List in accordance with W.R.E. 201, as it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  W.R.E. 201(b).  "[I]f an ordinance is available, is reliable and is known to the court, it should be judicially noticed."  2 Norman J. Singer and J.D. Shambie Singer, Statutes and Statutory Construction § 39:1, at 186 (7th ed. 2009 New Edition).