## BARKWELL v. CHATTERTON.

CHANGE OF VENUE—FAILURE TO GIVE BOND—DISMISSAL OF ACTION
—CONSTITUTIONAL LAW—RES JUDICATA.

1. An order granting a change of venue from the district
court of one county, to another, was in effect notwithstanding it was provided therein "when the plaintiff gives
bond in the amount of $300 that the place of trial be
changed," and the failure to give the bond within the time
prescribed by statute, the change being granted on motion
of the plaintiff, authorized a dismissal of the action by
the court granting the change.

2. The statute (Rev. Stat. sec. 3401) requiring such dismissal, upon failure to give the undertaking, is not unconstitutional as an assumption of judicial power by the
legislature.

3. The dismissal of the action for the failure of the plaintiff
to furnish the undertaking is not a bar to a future action
for the same cause.

4. Any reasonable construction will be resorted to in order
to sustain an act of the legislature.

[Commenced in District Court April 7, 1890. Decided August
29, 1893.]

ERROR to District Court of Carbon County, HON. JESSE
KNIGHT, Judge.

This was an action brought by Elizabeth A. Barkwell
against Fenimore Chatterton for the recovery of damages for
alleged conversion of certain cattle. A motion for change
of venue was presented by plaintiff and the same was granted,
the amount of the undertaking being fixed by the court.
No undertaking was filed. Defendant moved to dismiss the
action for that reason. Plaintiff also verbally moved to dismiss the action without prejudice. The motion of plaintiff
was denied and that of defendant sustained, to which rulings
exceptions were preserved. The case had been regularly at
issue on petition and answer. Plaintiff brings error.

*Potter & Burke,* for plaintiff in error.

The provisions of Section 3401, Rev. Stat. 1887, requiring the change of venue to be deemed abandoned, and the action discontinued, upon failure to furnish the undertaking, if the application and failure is by the plaintiff, allows the court no discretion, and is an assumption of judicial power by the legislature. It directs the judgment to be rendered. (Davis v. Menasha, 21 Wis., 491; Taylor v. Place, 4 R. I., 324; Searcy v. Turnpike Co., 79 Ind., 274; Denny v. Mattoon, 2 Allen, 379; Gray v. Hermance, 5 Cal., 73; Saunders v. Cabanis, 43 Ala., 173; Weaver v. Lupsley, 43 Ala., 224; Lanier v. Gallatas, 13 La. An., 175; Young v. State Bk., 4 Ind., 301; Merrill v. Sherborne, 1 N. H., 199; Lewis v. Webb, 3 Me., 326; Denham v. Lewiston, 4 Me., 140; De Castellux, 15 Pa. St., 18; Miller v. State, 8 Gill (Md.), 145; Ratcliff v. Anderson, 31 Gratt., 105; Greenough v. Greenough, 11 Pa. St., 489; Pryor v. Downey, 50 Cal., 388; O'Connor v. Warner, 4 W. & S., 223; Reiser v. Fund Asso., 39 Pa. St., 145; Plumer v. Board, 46 Wis., 163; In re Splane, 123 Pa. St., 527; Cooley Const. Lim., 174-176.) The statute has the effect to deprive plaintiff of her property without due process of law. (Clark v. Mitchell, 64 Mo., 564; Atchison, etc., Ry. v. Baty, 6 Neb., 37; Taylor v. Porter, 4 Hill., 140; Hoke v. Henderson, 4 Dev. (N. C.), 15; Pryor v. Downey, 50 Cal., 388; Jones v. Perry, 10 Yerg., 59; Stuart v. Palmer, 74 N. Y., 184; Cooley Const. Lim., 353-4.) The statute ignores the right of the parties to a jury trial. It was error to dismiss the action for the reason that the venue had not been changed. The order was made conditional upon the giving of a bond. The statute denies administration of justice and is therefor violative of Sec. 8 of Art. 1 of Const. (St. L. I. M. & S. R'y v. Williams, 49 Ark., 492.) The legislature may provide for a change of venue upon conditions, but the penalty operates as a complete denial of justice. The court ought to have permitted a dismissal of the action upon application of plaintiff. (Rev. Stat., 2661.)

*D. H. Craig* and *F. Chatterton*, for defendant in error.

The proceedings in the case prior to the motion of plaintiff to dismiss without prejudice took the case out of the provisions of Sec. 2661, Rev. Stat., and the case was then only affected by Section 3401 relating to change of venue. The two sections do not conflict with each other. The court was required to consider the change of venue abandoned, and order the case discontinued. The statute is valid. It provides a rule of procedure, which the courts cannot dispense with. (Cronkhite v. Bothwell, 3 Wyo., 739; Hughes v. Jackson, 12 Md., 450; Owen v. Ranstead, 22 Ill., 173; Green v. Elbert, 137 U. S., 611-21.) The right to prescribe such rule of procedure is clearly within the power of the legislature. (Oliver v. McClure, 28 Ark., 555; Griffin's Ex. v. Cunningham, 20 Grat., 31.) To be unconstitutional the statute must not only be against the letter and the spirit of the constitution (McCormick v. Alexander, 2 Ohio, 66; People v. Fisher, 24 Wend., 220; State v. Staten, 6 Cald., 233; Walter v. Cincinnati, 21 Ohio, 14), but also clearly in conflict with it. (State v. Cincinnati, 20 O. S., 283; R. R. Co. v. Clinton Co., 1 O. S., 77; Cochran v. Van Surley, 20 Wend., 381; People v. Gallagher, 4 Mich., 244; Benson v. Mayor, etc., 24 Barb., 252; Cooley's Const. Lim., 4th Ed., p. 204, note 3.) There was not an absence of due process of law. (Westurelt v. Gregg, 12 N. Y., 209; State v. Staten, 6 Cold., 233; Walker v. Sauvinett, 92 U. S., 90.)

CONAWAY, JUSTICE.

Plaintiff in error, who was also plaintiff in the district court, made application in that court for a change of venue. The change was granted on January 19, 1891. But the case never was transferred to any other court. On May 25th, 1891, defendant filed a written motion to "dismiss the above entitled cause" on account of the failure of plaintiff to file her bond on change of venue. On May 25, 1892, plaintiff made "her verbal motion in open court to dismiss this action at her own costs without prejudice." This motion was overruled by the court, "and thereupon at the said last mentioned date

the motion of the defendant filed on the 25th day of May, 1891, to dismiss this action came on for hearing and was argued by counsel and the same was by the court sustained and this action was thereupon dismissed," etc.

The quotations are from the bill of exceptions. The action of the court upon each of these motions and in discontinuing the action of plaintiff at her cost is assigned as error. In various parts of the record the words dismiss and discontinue are used interchangeably.

The statute authorizing a change of venue in civil actions makes it incumbent on the party applying for the change to pay the costs thereof within ten days "after the order directing the change." It also contains the following proviso:

"Provided, however, That the change of venue shall be deemed abandoned unless the applicant shall also within the ten days aforesaid give an undertaking to the opposite party, with sureties to be approved by the judge of the court to the effect that he will pay all costs that may be adjudged against him in such case; and if the abandonment is by the plaintiff the cause shall be considered discontinued and the costs taxed against said plaintiff and judgment therefor rendered. And if the abandonment is by the defendant he shall be adjudged in default, and whatever pleadings he may have on file disregarded, and the plaintiff may prove his case as in other defaults."

The applicant for a change of venue in this case was the plaintiff, and the required bond was never given. And under this statute the court on motion of the defendant, dismissed the action. Objection is made to the form of the order granting the change. It reads "And it is now ordered by the court that when the plaintiff gives bond in the amount of $300.00 that the place of trial be changed to the county of Sweetwater." It is objected that this is a conditional order and that the condition on which the order was to take effect was never performed, and the order is therefore of no effect and the action not subject to dismissal under this statute. But it is to be observed that the condition expressed in the order is one of the conditions established by the statute. Putting it

in the order gave it no additional effect. It was the duty of the court to fix the amount of the bond. ·That this was done by the same order by which the change of venue was allowed does not seem to be important.

This statute is assailed on behalf of plaintiff in error as unconstitutional. It is claimed that it is an assumption of judicial power by the Legislature. Counsel say in their brief, "If the Legislature can direct a certain judgment to be rendered in this instance it may exercise that prerogative in all cases, and the courts, then, will perform merely perfunctory duties, as an agency of the legislative department." As to this it is only necessary to say that the law in question is a general law and that it was passed a long time before this controversy arose.

Again, counsel say, "This statute denies in terms the administration of justice to the party whose application for change of venue is to be deemed abandoned." Also that the statute denies the right of trial by jury to such party. These propositions are true in this case only in the sense in which they are true in any case where a plaintiff's action is dismissed for his failure to prosecute it in the manner required by law. Such instances are of constant occurrence, and the validity of laws authorizing such proceeding cannot be doubted. Neither the administration of justice nor the trial by jury has been denied the plaintiff in this action. Both were available to her on the same terms as to all parties, merely by pursuing the legal course to secure a hearing on the merits of her cause or a trial by jury if she desired it.

The right of this statute and the hardship it may result in is urged; and on this branch of the argument it is assumed that the dismissal of the action at plaintiff's costs is a bar to another action for the same cause. According to the record, which is certified to be complete, no judgment even for costs was ever rendered or entered in this case.

No authorities are cited by counsel for or against the proposition that the dismissal of the action or judgment for costs, if rendered, would be a bar to a future action for the same cause. The cases decided, so far as they have fallen under our

observation, are to the contrary effect. See Gibson v. Gibson, 20 Pa. St., 9; Webster v. Law, 86 N. C., 178; Brant v. Third Avenue R., 45 N. Y., 628; Harris v. Tiffany, 8 B. Monroe, 225. If these cases state the correct rule, and there seems to be no difference of opinion on this point, it removes the only matter of substantial interest in question in this case. The plaintiff desired and moved the court to dismiss her action at her own cost, without prejudice. The court dismissed her action at her cost on the motion of defendant. If this dismissal is not a bar to another action for the same cause she is practically in the same position as if her own motion had been sustained. It was stated in argument, and is generally known to the profession, that a former justice of the Supreme Court of Wyoming Territory refused, when sitting as judge of a district court to disregard the pleadings of a defendant who was in default by abandoning an application for change of venue under this statute. This was in effect setting aside the default which the party had incurred, but which had not been formally declared by the court. There is no doubt that it is within the discretion of a trial court to set aside a default, either on sufficient showing by the party in default, or upon matter within the knowledge of the court as occurring in the progress of the cause. If a trial court abuse such discretion there is no doubt a remedy for such abuse.

There seems to be no special hardship in the operation of this statute construed reasonably and according to numerous precedents. Were it otherwise it would be going a great way to declare it invalid merely because of its rigor. Any reasonable construction will be resorted to in order to sustain an act of the Legislature. The statute in question was evidently aimed to correct the notorious abuses sometimes observed of applications for change of venue made on false grounds merely for the purpose of delay. There seems to be no difficulty in giving the statute a reasonable construction well sustained by authority, which will result in no oppression or injustice but will reasonably accomplish the beneficial results intended by the Legislature. In the case at bar the record shows that the bond required on change of venue was not given. This is an

affirmative showing that the order of discontinuance or dismissal was correctly made. Smith v. Yager, 50 N. W. Rep., 224.

The action of the district court is affirmed.

GROESBECK, C. J., and CLARK, J., concur.