**Charles A. PELTON and Leila B. Pelton, Appellants (Appellants/Defendants),**

v.

**PALMCO, INC., a Wyoming corporation, Appellee (Appellee/Plaintiff).**

**No. 85–162.**

Supreme Court of Wyoming.

Jan. 31, 1986.

Daniel W. White, of Vines, Rideout, Gusea & White, P.C., Cheyenne, for appellants.

Jack R. Gage, of Whitehead, Zunker, Gage, Davidson & Shotwell, Cheyenne, for appellee.

Before THOMAS, C.J., BROWN, CARDINE, and URBIGKIT, JJ., and GUTHRIE, J., Retired.

BROWN, Justice.

The Honorable Robert W. Allen, Laramie County Judge, rendered judgment on a promissory note against appellants. The district court, sitting as an intermediate court of appeals, affirmed the judgment. Appellants now appeal the district court's "Order Affirming County Court," and appellants suggest three issues:

"I

"Does the parol evidence rule apply to the February 6, 1978 agreement (Plaintiff's Exhibit 4) where the appellee was not a signatory party to the subsequent agreements pertaining to the transaction at issue?

"II

"If the parol evidence rule applies in this case, what effect does it have on the February 6, 1978 agreement?

"III

"If the February 6, 1978 agreement is merged into and superseded by the subsequent agreements, should the promissory note, which arises from said agreement and which forms the basis of appellee's claim, be barred for lack of consideration?"

We will affirm.

On April 15, 1978, appellants executed a $12,000 installment note payable to appellee. The circumstances surrounding the execution of this note were obscured at trial by irrelevant, immaterial and incompetent evidence. As nearly as we can deter-

mine, the note was signed by appellants Charles A. and Leila B. Pelton to facilitate a land sale from the Wayne Palm Trust to Fredrick L. Pelton, son of appellants. At the time of the sale this land was owned by the Wayne Palm Trust. Appellee Palmco, Inc., was the lessee of the land and entitled to two-thirds of the seeded crop of winter wheat. Appellant Charles A. Pelton helped negotiate the land sale on behalf of his son. For reasons that are not entirely clear, it appeared expedient to appellant to terminate the lessee's interest in the seeded crop.[1]

On February 6, 1978, appellants signed an agreement providing that a note be executed to pay appellee for its interest as lessee in the seeded crop. The agreement provided in part:

" * * * Charles A. Pelton agrees to give to SELLER a note in the amount of $12,000.00 bearing interest at the rate of $9\frac{1}{4}\%$ payable in equal principal installments of $2,400.00 annually which $12,000.00 shall constitute payment in full of SELLER'S interest in the 1978 crop in growth."

Appellants subsequently signed the note at issue here according to the above agreement. Appellants made four annual payments on the note according to its terms; they tendered a fifth payment to appellee in a sum less than appellee thought was due. The tendered payment was rejected and a suit on the balance followed.

In the courts below appellants' principal theory of defense was "economic duress." Lack of consideration for the note was mentioned only incidentally. The theory of "economic duress" as a defense was specifically abandoned by appellants on appeal to this court. Appellee's brief in this court, however, addressed appellants' theory of defense in the lower courts but not the issues raised by appellants here. Appellants list three issues; simply stated, however, the only issue is whether or not the action on the note was "barred for lack of consideration."

Appellants contend that three exhibits are crucial to an understanding of their theory on appeal. The February 6, 1978 agreement provided that appellant Charles A. Pelton sign a $12,000 note payable to appellee. The other two exhibits are instruments pertaining to the sale of land from the Wayne Palm Trust to Frederick L. Pelton, appellants' son.

Appellants contend that the February 6, 1978 agreement to execute the note was not enforceable because "it was merged into and superseded" by a subsequent agreement entitled "Earnest Money Receipt, Offer to Purchase, and Acceptance," dated February 7, 1978. The parties in the case before us were not the contracting parties in the February 7, 1978 agreement. Appellants contend, however, that there was a privity between appellee and the Wayne Palm Trust (seller), in the agreement of February 7, 1978. From this assertion of privity appellants reason:

" * * * Appellee's knowledge concerning the existence and terms of Plaintiff's Exhibit 4 must have been imputed to the Wayne Palm Trust when it executed Defendant's Exhibit C [Earnest Money Receipt, Offer to Purchase, and Acceptance] on February 7, 1978. It must be presumed that the parties changed the structure of this transaction such that payment for all of the seeded crop on the land was to be included in the purchase price paid by Fredrick L. Pelton pursuant to Defendant's Exhibit C. * * *"

Appellants assume privity based on the fact that Charles Wayne Palm and Patsy N. Palm are corporate officers for appellee, and trustees in the Wayne Palm Trust. Additionally, appellee and the Wayne Palm Trust had a tenant-landlord relationship at the time of the real estate transaction previously mentioned.

After assuming privity, appellants reason that the February 7, 1978 agreement had the effect of merging, superseding and cancelling the February 6, 1978 agreement,

---

1. There was some evidence suggesting the lending institution (Farmers Home Administration) required that the lessee's interest in the seeded crop be extinguished.

which provided for the note at issue here. Appellants further reason that if the agreement providing for the note was merged, superseded and canceled, then the note dated April 15, 1978, was without consideration.

Appellants' contention must fail for several reasons. Appellants' argument regarding privity, merger, cancellation and one agreement superseding another is not supported by adequate reference to the record, cogent argument or authority. Under these circumstances we need not address this issue. *Matter of Adoption of RHA*, Wyo., 702 P.2d 1259 (1985). Arguably, testimony and exhibits could be construed to give a modicum of support for appellants' theory. However, appellants' conduct indicates they did not intend that the February 7, 1978 agreement supersede the February 6, 1978 agreement, and cancel appellants' obligation to execute the $12,000 note to appellee.

It is significant that appellants did, in fact, sign the note on April 15, 1978, which the February 6, 1978 agreement obligated them to do.

Appellants are in a poor position at this late date to talk about lack of consideration. They made four annual payments on the note and tendered part of the fifth. After the last payment was rejected as being insufficient, appellants decided that there was lack of consideration for the note they signed.

Simply stated, appellant Charles A. Pelton purchased from appellee an interest in the 1978 seeded crop, and as consideration for this interest executed a promissory note for $12,000. Judgment was rendered by the trial court for the balance due on that note. We can find no error in the judgment rendered.

Affirmed.