# IN THE SUPREME COURT, STATE OF WYOMING

# 2013 WY 93

APRIL TERM, A.D. 2013

*July 31, 2013*

KELVIN BOURKE,

**Appellant**
**(Plaintiff),**

**v.**

S-12-0258

**GREY WOLF DRILLING**
**COMPANY, LP, now known as**
**PRECISION DRILLING COMPANY,**
**LP,**

**Appellee**
**(Defendant).**

*Appeal from the District Court of Natrona County*
*The Honorable Catherine E. Wilking, Judge*

*Representing Appellant:*
　　Hampton M. Young, Jr., Attorney at Law, Casper, Wyoming

*Representing Appellee:*
　　Amanda W. Wiley of Taylor | Anderson, LLP, Denver, Colorado

*Before KITE, C.J., and HILL, VOIGT, BURKE, and DAVIS, JJ.*

**NOTICE: This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**DAVIS**, Justice.

[¶1]   Appellant Kelvin Bourke sued his former employer Grey Wolf Drilling Company, LP, for fraud and wrongful termination in the Seventh Judicial District Court. Unbeknownst to Bourke, Grey Wolf had been sold to a foreign corporation, Precision Drilling,[1] which affected the venue of this action under Wyoming Statute § 1-5-107. Precision Drilling was not a resident of Wyoming as Grey Wolf had been.   Precision Drilling moved to dismiss the case for improper venue and failure to state a claim upon which relief could be granted.   The district court granted the motion on both grounds.

[¶2]   Bourke claims that the district court erred in dismissing his complaint for improper venue, and that his claims were summarily dismissed when he should have been granted leave to amend his complaint.   We affirm the district court's dismissal for improper venue, but we conclude that the court erred as a matter of law when it reached the merits of the case after determining that it had to be dismissed on venue grounds.   We accordingly reverse and remand for entry of a dismissal without prejudice based only upon improper venue.

## ISSUES

[¶3]   Appellant states the issues as follows:

>   A. Whether the venue outlined in Wyo. Stat. § 1-5-107 is mandatory, requiring a case filed in the improper County be dismissed.

>   B. Whether or not the Court abused its discretion by denying Plaintiff's Motion to Amend.

[¶4]   We believe the issues are more aptly summarized as follows:

>   1.  Was venue proper in Natrona County?

>   2.   If venue was not proper, should the district court have transferred the case to a proper venue?

>   3.  Did the district court err as a matter of law in reaching the merits of a motion to dismiss on W.R.C.P. 12(b)(6) grounds after it determined that the case had to be dismissed on venue grounds?

---

[1] Precision Drilling is identified as a limited partnership in the caption, but it is in fact a Texas corporation.

1

# FACTS

[¶5]    Appellant Bourke lived in Carbon County and worked as a motorman on a drilling rig operated by Grey Wolf in Lincoln County.  The rig's deck or floor hand did not report for work on August 13, 2007, and Bourke had to perform his duties as well as his own. The crew was "tripping pipe" that day, *i.e.*, placing sections of drill pipe back into the wellbore after removing them.  The sections of pipe weighed approximately one ton, and they tended to swing as they were pulled up by the draw works (winch) in the derrick.

[¶6]    Bourke claims that he was hit by a joint of pipe and seriously injured because he was required to work without assistance from the missing deck hand.  He also contends that he was not properly trained in the use of a "tail rope" used to control the pipe, and that the tail rope was tied off so as to make it ineffective to prevent the pipe from swinging.

[¶7]    Bourke's complaint alleges that he reported the accident to Grey Wolf the day it happened, that a worker's compensation report of injury was completed, and that he expected the company to submit the report to the Wyoming Workers' Safety and Compensation Division (the Division).  The company did not in fact submit a report of injury to the Division at that time, and Bourke alleges that co-employee witnesses to the report were told not to provide any statements concerning the claimed injury.

[¶8]    Bourke continued to work with no restrictions for several months after he claims he was injured.  Grey Wolf then fired Bourke for smoking in an unauthorized area on November 13, 2007.  His complaint alleges that on December 3, 2007, Grey Wolf forwarded the form Bourke had filled out the day after the accident to the Division, noting that it was "unsure" if he had been injured on the job or not.  The Division denied the claim.

[¶9]    Bourke filed suit in the Seventh Judicial District on August 8, 2011, five days before the statute of limitations for negligence and fraud found in Wyoming Statute § 1-3-105(a)(iv) would have expired. He alleged negligence against other rig workers named only as "Does," and fraud and wrongful termination against Grey Wolf.   None of the coworkers were ever identified.

[¶10]  Service was attempted at the Casper address reflected in the Wyoming Secretary of State's records for the Grey Wolf limited partnership, but the company no longer had an office there because it had been bought out by Precision Drilling.  Bourke amended his complaint to add Precision Drilling as a party, and then amended his complaint a second time to allege additional facts regarding negligence and wrongful termination.  He served Precision Drilling's agent for process both times.

2

[¶11]  Precision Drilling responded by filing a motion to dismiss under Wyoming Rules of Civil Procedure 12(b)(3) and 12(b)(6).  It claimed that venue was improper under Wyoming Statute § 1-5-107[2] because Precision Drilling is a foreign corporation and Bourke failed to file suit where he resided (Carbon County) or where the cause of action arose (Lincoln County) as required by that statute.  It also claimed that Bourke failed to state a claim upon which relief could be granted because his fraud claim was not pled with particularity, and because he failed to allege that he was fired for exercising a protected right in his retaliatory discharge claim.

[¶12]  Bourke filed a response to the motion to dismiss and a motion for change of venue.  He asserted that the case should be transferred to a different venue under W.R.C.P. 40.1(a) rather than dismissed as Precision Drilling had asked if in fact it was improperly venued.  He also asked the court for leave to amend his complaint to cure the deficiencies Precision Drilling identified, but he failed to file a proposed third amended complaint or to specify how he would amend the existing pleading in the motion for leave to amend.

[¶13]  The district court held a hearing on all motions, and ultimately entered a written order providing as follows:[3]

> 1. Precision Drilling's Motion to Dismiss is Granted as it relates to the arguments of Rule 12(b)(3). [Improper venue]
>
> 2. Precision Drilling's Motion to Dismiss is Granted as it relates to the arguments of Rule 12(b)(6).  Specifically, the Court finds that Plaintiff failed to state claims for fraud and retaliatory discharge.
>
> 3. Plaintiff's Motion for Change of Venue and Plaintiff's Motion to Amend are Denied.
>
> 4. Judgment is hereby entered in favor of Defendant Precision Drilling Company, LP, and against Plaintiff Kelvin Bourke.

---

[2] "An action, other than one (1) of those mentioned in W.S. 1-5-101 through 1-5-104, against a nonresident of this state or a foreign corporation, whether or not codefendants reside in Wyoming, may be brought in any county where the cause of action arose or where the plaintiff resides."  Wyo. Stat. Ann. § 1-5-107 (LexisNexis 2013).

[3] At oral argument, counsel for Appellees contended that the court orally announced its decision in a different sequence, ruling first on the merits of the Rule 12(b)(6) motion that Appellant's complaint failed to state a claim on which relief could be granted, and then ruling that venue was improper in Natrona County.  Unfortunately, the only record of the hearing is the order itself, which reflects that the trial court found that venue was improper and then reached the merits.

This appeal was timely perfected.

## STANDARD OF REVIEW

[¶14]  We generally review a district court's ruling on a request for a change of venue for an abuse of discretion, meaning that we will affirm the district court where it could have reasonably concluded as it did.  *See, e.g., Sundance Mountain Resort, Inc. v. Union Tel. Co.*, 2007 WY 11, ¶ 7, 150 P.3d 191, 194–95 (Wyo. 2007); *Burnham v. Coffinberry*, 2003 WY 109, ¶ 5, 76 P.3d 296, 298 (Wyo. 2003); *McGhee v. Rork*, 978 P.2d 577, 579 (Wyo. 1999); *Little v. Kobos  ex rel. Kobos*, 877 P.2d 752, 757–58 (Wyo. 1994); *In re Wilson's Estate*, 397 P.2d 805, 810 (Wyo. 1964).

[¶15]  This case also requires that we interpret Wyoming's venue statutes and determine other legal issues.  We review questions of law de novo without deference to the district court's determinations.  *In re MN*, 2007 WY 189, ¶ 4, 171 P.3d 1077, 1080 (Wyo. 2007) (citation omitted).

## DISCUSSION

### *Propriety of Dismissing for Lack of Venue*

#### *Permissive or Mandatory Nature of § 1-5-107*

[¶16]   In civil cases, venue "refers to the county, district, or other geographical location in which, for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried."  *State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 14, 186 P.3d 378, 382 (Wyo. 2008) (citation omitted) (internal quotation marks omitted).

[¶17]  Bourke argues that § 1-5-107 is a "permissive" venue statute, meaning that the two possible venues listed in the statute are not exclusive.  He points out that certain venue statutes require that specific types of actions "shall" be brought in particular counties. *See, e.g.*, Wyo. Stat. Ann. § 1-5-101 (LexisNexis 2013) (actions for recovery, partition or sale of real property under a mortgage, lien or encumbrance); § 1-5-104 (actions for recovery of a fine, against a public officer, or on the bond or undertaking of a public officer); § 1-5-108 (actions not otherwise provided for), and § 26-15-134 (cause of action against an insurer).  Other venue statutes provide that a cause of action "may" be brought in certain counties.  *See, e.g.*, § 1-5-102 (action may be brought in any county where real property is located if it is situated in more than one county); § 1-5-103 (action for specific performance of a contract for sale of realty may be brought where any defendant resides); § 1-5-105 (action against domestic corporation may be brought where the corporation is "situate" or has its principal office or place of business); § 1-5-106 (action  against  a

public carrier or railroad may be brought in any county through or into which the carrier or rail line passes). Bourke therefore contends that § 1-5-107 merely suggests appropriate counties where an action could be filed, but in fact means that the action could have been filed in any county because of the use of the word "may."

[¶18] We have previously said that the word "may" is permissive, while "shall" is mandatory. *Anderson v. Bd. of Cnty. Comm'rs of Teton Cnty.*, 2009 WY 122, ¶ 22, 217 P.3d 401, 407 (Wyo. 2009); *MN*, ¶ 5, 171 P.3d at 1080. A comparison of the "may" and "shall" venue provisions reveals a clear distinction, however–in the comparatively few "shall be brought" provisions, an action can only be brought in one county. For example, an action to recover, partition or foreclose upon real property can only be brought in the county in which the real property is located. § 1-5-101. On the other hand, actions against nonresidents and foreign corporations "may be brought" in either of two places– where the cause of action arose or where the plaintiff resides. § 1-5-107.

[¶19] As we have often stated:

> In interpreting statutes, our primary consideration is to determine the legislature's intent. All statutes must be construed *in pari materia* and, in ascertaining the meaning of a given law, all statutes relating to the same subject or having the same general purpose must be considered and construed in harmony. Statutory construction is a question of law, so our standard of review is de novo. We endeavor to interpret statutes in accordance with the legislature's intent. We begin by making an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection. We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe all parts of the statute *in pari materia*. When a statute is sufficiently clear and unambiguous, we give effect to the plain and ordinary meaning of the words and do not resort to the rules of statutory construction. Moreover, we must not give a statute a meaning that will nullify its operation if it is susceptible of another interpretation.
>
> Moreover, we will not enlarge, stretch, expand, or extend a statute to matters that do not fall within its express provisions.
>
> Only if we determine the language of a statute is ambiguous will we proceed to the next step, which involves applying general principles of statutory construction to the

language of the statute in order to construe any ambiguous language to accurately reflect the intent of the legislature. If this Court determines that the language of the statute is not ambiguous, there is no room for further construction. We will apply the language of the statute using its ordinary and obvious meaning.

Whether a statute is ambiguous is a question of law. A statute is unambiguous if reasonable persons are able to agree as to its meaning with consistency and predictability, while a statute is ambiguous if it is vague or uncertain and subject to varying interpretations.

*Rock v. Lankford*, 2013 WY 61, ¶ 20, 301 P.3d 1075, 1080–81 (Wyo. 2013) (quoting *Redco Const. v. Profile Props., LLC*, 2012 WY 24, ¶ 26, 271 P.3d 408, 415–16 (Wyo. 2012)).

[¶20] We find Wyoming Statute § 1-5-107 to be unambiguous. It is permissive only to the extent of allowing a plaintiff to choose between filing an action where the cause of action arose or where he resides. *See Moonlit Waters Apts. Inc. v. Cauley*, 666 So.2d 898, 900 (Fla. 1996) ("Under the principle of statutory construction, *expressio unius est exclusio alterius*, the mention of one thing implies the exclusion of another."); *Radalj v. Union Sav. & Loan Ass'n*, 59 Wyo. 140, 176–77, 138 P.2d 984, 996 (1943) ("There is an old maxim '*noscitur a sociis*' (it is known by its associates)"). *Cf. United States v. Ceballos-Martinez*, 371 F.3d 713, 715–17 (10th Cir. 2004) (holding that Federal Rule of Appellate Procedure 4(c)(1), which provides two options by which a prisoner *may* prove a timely notice of appeal, only authorizes those two methods of proving timely compliance).

[¶21] We are further reinforced in this conclusion by the presumption that our legislature acts in a reasonable and thoughtful manner. *Rock*, ¶ 39, 301 P.3d at 1085 (citing *Redco Const.*, ¶ 37, 271 P.3d at 418). If the legislature had intended that an action could be brought anywhere unless it fell within the scope of a "shall be brought" statute, it would not have passed several statutes specifying where an action *may* be brought. The legislature would simply have listed the relatively few actions which had to be initiated in only one county and said that "all other actions may be brought in any county in the state." The Court does not perceive the legislature to intend to suggest possible venues, but rather to specify the "geographical location[s] in which, for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried." *Kunz*, ¶ 14, 186 P.3d at 382 (internal quotation marks omitted)

[¶22] In this case, § 1-5-107 authorized Bourke to file his complaint in one of two possible venues: Carbon County, where Bourke resided, or Lincoln County, where the

6

cause of action arose. We cannot read § 1-5-107 so broadly as to authorize the filing of a complaint in any county in the state. We therefore conclude that the district court properly determined that Natrona County was not a proper venue because the cause of action did not arise there, and Bourke resides in Carbon County.

*Propriety of Dismissal*

[¶23] Bourke also argues that even if venue was not proper in Natrona County, the case should have been transferred rather than dismissed. He relies upon *Matter of Larsen*, 770 P.2d 1089 (Wyo. 1989), for the proposition that "[u]nless specifically mandated by statute, the absence of proper venue does not result in a dismissal . . . ." *Id.* at 1092 (citing *Sil-Flo Corp. v. Bowen*, 402 P.2d 22, 27 (Ariz. 1965)).

[¶24] Precision Drilling responds that it was well within the discretion of the district court to dismiss this case for improper venue under W.R.C.P. 12(b)(3). It also contends that "Plaintiff was never **entitled** to a change of venue. If entitlement was the policy, a plaintiff could file an action without regard to venue and would then be entitled to move it to the proper venue whenever he fancied."

[¶25] We think the issue is somewhat simpler than either party makes it out to be. *Matter of Larsen* was a case with a complicated procedural history which is of little value in analyzing the issue presented here. Larsen was injured in a vehicle rollover in Campbell County and timely filed a claim for worker's compensation benefits in the district court for that county. *Larsen*, 770 P.2d at 1090. At the time, worker's compensation claims were required to be filed with the clerk of the district court in the county where the injury occurred, and so Larsen filed in the right place. Wyo. Stat. Ann. § 27-12-601(a) (June 1983), *repealed by* 1986 Wyo. Sess. Laws Sp. Sess., ch. 3 § 3. The applicable statute also provided that the employer or employee could request a transfer of venue to the county in which the employer was based or the employee lived after it was properly filed in the county in which the injury occurred.[4]

---

[4] This former provision read as follows:

> (b) At any time after the employee files his claim, he may request that the case and entire file be transferred to the district court of the county in which he resides. At any time after the employer has filed the employer's report of injury, he may request that the case and entire file be transferred to the district court of the county in which his main office in Wyoming is located. . . . If no objection is filed within ten (10) days after notice has been mailed, or if both parties request transfer of the case to the same district court, the clerk shall make proper notation in the docket and forward the entire file to the district court requested.

[¶26] Larsen moved to transfer the case to the Eighth Judicial District. Hall Construction did not object, and the Sixth Judicial District judge attempted to transfer the case. The Eighth Judicial District judge returned the case to the Sixth Judicial District without being asked to do so by either party or entering an order formally transferring it back. The Sixth Judicial District judge then granted summary judgment to the employer and again attempted to return the case to the Eighth Judicial District. *Larson*, 770 P.2d at 1090–91.

[¶27] On appeal, Larsen argued that the Sixth Judicial District lacked subject matter jurisdiction to hear the case because procedures required to transfer the case back from the Eighth Judicial District were not followed. *Larsen*, 770 P.2d at 1090–91. This Court distinguished the concepts of venue and subject matter jurisdiction:

> The district courts in this state are courts of general jurisdiction. As such, they have inherent subject matter jurisdiction over any and all cases in which jurisdiction is not specifically vested in some court of limited jurisdiction. This jurisdiction includes jurisdiction over worker's compensation claims and disputes such as the one in this case. Once jurisdiction is acquired, the district court has the power to hear and determine the matter and to render a binding judgment. We adopt the analysis found in *Sil-Flo Corporation v. Bowen*, 98 Ariz. 77, 402 P.2d 22 (1965), and recognize that the power to enter a binding judgment is equally present among all district courts in the state. In this context, venue is never a consideration.

*Larsen*, 770 P.2d at 1092 (additional citations omitted).

[¶28] This *Larsen* opinion also included the following dicta on which Bourke relies:

> It is proper . . . to remind our district courts and counsel that the remedy with respect to questions of venue is a request to change venue to the proper court. Unless specifically mandated by statute, the absence of proper venue does not result in a dismissal, a reversal, or a new trial. *See Sil*-Flo, 402 P.2d at 27. Furthermore, we expect the aggrieved party

---

*Id.* at § 601(b). Wyoming adopted an administrative system for adjudication of worker's compensation claims in 1986. *See* 1986 Wyo. Sess. Laws Sp. Sess., ch. 3 § 3 (repealing and recreating former §§ 27-12-101 through -805 as the current §§ 27-14-101 through -804).

to make a timely objection, or to request a change. Otherwise, venue will be deemed proper.

*Id.* at 1092.

[¶29]   As the above excerpt shows, *Larsen* relied on the Arizona case of *Sil-Flo v. Bowen* in concluding that improper venue does not normally warrant a dismissal, but that the case should instead be transferred. In *Sil-Flo*, the Arizona Supreme Court applied Arizona Revised Statute § 12-404, which specifically provides for transfer of improperly venued cases.[5] The *Sil-Flo* Court held that "[w]here venue of an action has been improperly laid, the remedy of the party complaining of the error in venue is not dismissal of the action, but is to seek its removal to the court having the proper venue under the proceduer [sic] set forth in A.R.S. § 12-404." *Sil-Flo*, 402 P.2d at 27.

[¶30]   Title 28, Section 1406(a) of the United States Code also contains a venue transfer provision. It authorizes federal district courts to dismiss or transfer an improperly venued case "if it be in the interest of justice . . . ." 28 U.S.C. § 1406(a) (2012). *See also id.* at § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Federal courts do not favor dismissal of improperly venued cases, and federal case law holds that the "preferred disposition is to transfer the action to a district in which it might have been brought in the first place."   17 James Wm. Moore et al., *Moore's Federal Practice* § 110.01[5][d] (3d ed. 2011) (citing *Scott v. Monsanto Co.*, 868 F.2d 786, 788–89 (5th Cir. 1989)).   *Accord Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 467, 82 S.Ct. 913, 916, 8

---

[5] Arizona Revised Statute § 12-404 provides as follows:

> **A.** If an action is not brought in the proper county, the court shall nevertheless have jurisdiction and may hear and determine the action unless the defendant, before expiration of the time allowed to answer, files with the clerk of the court in which the action is brought an affidavit of the defendant, his agent or attorney, stating that the county in which the action is brought is not the proper county and stating the county of the defendant's residence, and praying that the action be transferred to the proper county.
>
> **B.** A copy of the affidavit shall be served upon plaintiff, and unless the affidavit is controverted under oath, within five days after service, the court shall order the action transferred to the proper county.
>
> **C.** If the affidavit is controverted, the court shall hear the issue thus presented and shall order the action retained in the court in which it is brought, or transferred to the proper county.

Ariz. Rev. Stat. Ann. § 12-404.

L.Ed.2d 39 (1962); *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990); *Abrams Shell v. Shell Oil Co.*, 165 F. Supp. 2d 1096, 1103 (C.D. Cal. 2001) (citing *Minnette v. Time Warner*, 997 F.2d 1023, 1026–27 (2d Cir. 1993)).

[¶31]  However, Wyoming does not have a statute authorizing transfer of cases which have been filed in an improper venue.  The transfer statute that played a part in the *Larsen* decision applied only to workers' compensation claims filed in the proper venue, and it has been repealed.  Bourke has not directed us to any common law power which would permit or require a district court to transfer such a case either.  The district judge did not err in dismissing the case in the absence of any authority to do otherwise.

[¶32]  In the district court, Bourke relied on W.R.C.P. 40.1(a), which authorizes a transfer of the place of *trial* under the following circumstances:

> (1) The court upon motion of any party made within 15 days after the last pleading is filed shall transfer the action to another county for trial if the court is satisfied that there exists within the county where the action is pending such prejudice against the party or the party's cause that the party cannot obtain a fair and impartial trial, or that the convenience of witnesses would be promoted thereby. . . .
>
> .   .   .
>
> (3) The presiding judge may at any time upon the judge's own motion order a transfer of trial when it appears that the ends of justice would be promoted thereby.

W.R.C.P. 40.1(a).

[¶33]  Bourke did not argue in this appeal that Rule 40.1(a)(1) or (3) required a transfer rather than a dismissal.  That contention has therefore been abandoned, and we do not address it.[6]  We note in passing that the rule does not by its terms apply to cases in which suit has been filed in the wrong venue, but rather to transfer of trial when fairness requires that the case be tried elsewhere.  Nothing in this record suggests that this case could not have been tried fairly in Natrona County, venue issues notwithstanding.

---

[6] *See, e.g.*, *Bedessem v. Cunningham*, 2012 WY 36, ¶ 12, 272 P.3d 310, 312 (Wyo. 2012) (claims of an implied easement abandoned on appeal); *Teniente v. State*, 2007 WY 165, ¶ 89 n.10, 169 P.3d 512, 537 n.10 (Wyo. 2007) ("Without an 'official' argument to this issue, and without citation to pertinent authority, we will not evaluate this question with vigor."); *State v. Campbell Cnty. Sch. Dist.*, 2001 WY 90, ¶ 35, 32 P.3d 325, 333 (Wyo. 2001); *Pelton v. Palmco, Inc.*, 713 P.2d 245, 246 (Wyo. 1986) (no consideration of economic duress where the defense "was specifically abandoned by appellants on appeal to this court"); 5 C.J.S. *Appeal and Error* § 973 (2007) ("As a general rule, questions assigned as error by the appellant are deemed to have been abandoned or waived where they are not urged or discussed on appeal.").

[¶34] The absence of a statute allowing transfer may seem likely to lead to harsh results. An understandable error as to the proper venue could cause a meritorious claim to be barred if it was filed shortly before the applicable statute of limitations expired and a motion to dismiss based on venue was granted afterward. Wyoming's legislature presumably anticipated this problem when it passed Wyoming Statute § 1-3-118, commonly known as the "savings statute":

> If in an action commenced in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits and the time limited for the commencement of the action has expired at the date of the reversal or failure, the plaintiff, or his representatives if he dies and if the cause of action survives, may commence a new action within one (1) year after the date of the failure or reversal. This provision also applies to any claim asserted in any pleading by a defendant.

Wyo. Stat. Ann. § 1-3-118 (LexisNexis 2013).

[¶35] A dismissal for improper venue is not an adjudication on the merits and should be without prejudice. W.R.C.P. 41(b)(1) ("Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."); *Barkwell v. Chatterton*, 4 Wyo. 307, 312–13, 33 P. 940, 941 (1893); 2 Moore et al., *supra*, at § 12.32[5] (citation omitted).

[¶36] If the claims against him had been dismissed without prejudice, Bourke would have been entitled to refile his complaint in an appropriate venue if he did so within the time allowed by § 1-3-118. Such a result would strike an appropriate balance between a "plaintiff's obligation to institute his action in a permissible forum," and the "unfairness of barring a plaintiff's action solely because a prior timely action is dismissed for improper venue after the applicable statute of limitations has run." *See Burnham*, ¶ 5, 76 P.3d at 298 (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure Civil* § 1352, at 263–65 (1990)); *Burnett v. N.Y. Cent. R. Co.*, 380 U.S. 424, 430, 85 S. Ct. 1050, 1055, 13 L. Ed. 2d 941 (1965).

***Denial of Motion for Leave to Amend and Dismissal on the Merits***

[¶37] However, the district court also dismissed Bourke's complaint based on failure to state a claim upon which relief could be granted under W.R.C.P. 12(b)(6). Under W.R.C.P. 41(b)(1), a dismissal for failure to state a claim is a dismissal on the merits, and

it is with prejudice, unless the court otherwise specifies.[7] The district court entered a judgment against Bourke, and we believe the court clearly intended to rule on the merits and to dismiss with prejudice. Bourke could not therefore simply refile in the correct venue as he could have under the savings statute if the dismissal had been without prejudice based only upon improper venue.

[¶38] This result requires us to determine whether a district court may reach the merits of a controversy after concluding that it must be dismissed because it is improperly venued. This issue was not developed below, but "[w]e are at liberty to decide a case upon any point which in our opinion the ends of justice require." *In re WJH*, 2001 WY 54, ¶ 48, 24 P.3d 1147, 1160 (Wyo. 2001) (quoting *Allen v. Allen*, 550 P.2d 1137, 1142 (Wyo. 1976)).

[¶39] The seminal case on this issue is *Arrowsmith v. United Press International*, 320 F.2d 219 (2d Cir. 1963), a case in which a "fat cat financier" sued a press dispatching company for libel. The company filed a consolidated motion to dismiss for improper venue, lack of personal jurisdiction, and failure of the complaint to state a claim upon which relief could be granted. The district court dismissed for failure to state a claim, but did not decide the challenges to venue and jurisdiction. *Id.* at 220–21. Judge Friendly, writing on behalf of the Second Circuit, held as follows:

> We all agree it was error for the district court to proceed as it did. Not only does logic compel initial

---

[7] The language of W.R.C.P. 41(b)(1) is practically identical to that of its federal counterpart, F.R.C.P. 41(b), and we find federal authority in this area highly persuasive. The Federal Practice & Procedure treatise explains the operative effect of a dismissal for failure to state a claim as follows:

> As is stated clearly in the rule, and the extensive case law under the subdivision, a dismissal under Rule 41(b) or any other dismissal not provided for in Rule 41 will operate as an adjudication on the merits unless the district court otherwise specifies or the dismissal is for lack of personal or subject matter jurisdiction, improper venue, or failure to join a party under Rule 19.3 Thus, because an involuntary dismissal is an adjudication on the merits, it is, in the phrase commonly used by the federal courts, "with prejudice."
>
> .  .  .
>
> Dismissals under Rule 12(b)(6) for failure to state a claim on which relief can be granted ordinarily are deemed to be an adjudication on the merits, . . . a dismissal with prejudice.

9 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 2373 (3d ed. 2008) (footnotes omitted). *See also* 2 Moore et al., *supra,* at § 12.34[6][a] ("A dismissal for failure to state a claim is a judgment on the merits . . . . This type of dismissal, presumed to be with prejudice unless the order explicitly states otherwise, has a claim preclusive effect.") (footnote omitted).

consideration of the issue of jurisdiction over the defendant—a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim—but the functional difference that flows from the ground selected for dismissal likewise compels considering jurisdiction and venue questions first. A dismissal for lack of jurisdiction or improper venue does not preclude a subsequent action in an appropriate forum, whereas a dismissal for failure to state a claim upon which relief can be granted is with prejudice. We shall therefore vacate the judgment dismissing the complaint for failure to state a claim on which relief can be granted and remand the case for consideration of the issue of jurisdiction over the person of the defendant and, in the event that this be found, the issue of venue, prior to consideration of the merits.

*Id.* at 221 (footnote omitted).

[¶40]  We agree with *Arrowsmith* and its progeny that courts should decide preliminary challenges to jurisdiction and venue before reaching the merits of a controversy. *See id.*; *Madara v. Hall*, 916 F.2d 1510, 1514 n.1 (11th Cir. 1990); *United States v. $95,945.18, U.S. Currency*, 913 F.2d 1106, 1107 (4th Cir. 1990); *Sherman v. Am. Fed'n of Musicians*, 588 F.2d 1313, 1314 (10th Cir. 1978); *Wyrough & Loser, Inc. v. Pelmor Lab., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967); *Basile v. Walt Disney Co.*, 717 F. Supp. 2d 381, 385 (S.D.N.Y. 2010); *Johnson v. Helicopter & Airplane Servs. Corp.*, 389 F. Supp. 509, 518 (D. Md. 1974); *Att'y Gen. v. Indus. Nat'l Bank of R.I.*, 404 N.E.2d 1215, 1217 (Mass. 1980); *Branson v. Exide Electronics Corp.*, 625 A.2d 267, 269 (Del. 1993); *Tuscany, Inc. v. Paragon Capital Corp.*, 102 Wash. App. 1016, at *1 (Wash. Ct. App. Aug. 28, 2000) (unpublished opinion).

[¶41]  The cases just cited did not involve situations in which a court dismissed a case based on improper venue and then reached the merits, but we believe the common-sense rule in *Arrowsmith* precludes doing both.  If a court concludes that a case must be dismissed for lack of personal jurisdiction or improper venue, it has determined that the case cannot proceed in that jurisdiction or venue, *i.e.*, that it should not be decided there. *See Wyrough*, 376 F.2d at 547 ("[T]here also exists a strong policy to conserve judicial time and effort; preliminary matters such as defective service, personal jurisdiction and venue should be raised and disposed of before the court considers the merits or quasi-merits of a controversy."); *Basile*, 717 F. Supp. 2d at 385 ("[I]t is hornbook law that venue and personal jurisdiction are threshold procedural issues to be decided before the substantive grounds in a motion to dismiss.").  A rule that would allow a court to decide that it could not resolve a case on the merits and then do exactly that would make little sense.  *See* 9 Wright & Miller, *supra*, at § 2373 ("[T]he district court cannot make its order an adjudication on the merits if it lacks the power to decide the merits.").

13

[¶42]   For the reasons stated, we will vacate the district court's Rule 12(b)(6) dismissal, and reverse and remand for an order dismissing without prejudice on venue grounds alone.[8]

## CONCLUSION

[¶43]   We affirm the district court's dismissal for improper venue.  However, we find its Rule 12(b)(6) dismissal on the merits to be improper as a matter of law, and we therefore vacate that portion of its order and remand for a dismissal without prejudice based upon improper venue.

---

[8] At oral argument, counsel were asked whether Appellee's request that the district court reach the merits, or its defense of the district court's ruling on the merits in this appeal, waived Appellee's objection to venue.  W.R.C.P. 12(g) provides that "[a] party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party."  It was therefore clearly proper for Appellee to include a challenge to venue and a challenge to the adequacy of Bourke's pleadings in the same motion.

However, an argument could be made that once the case was found to be improperly venued, seeking a dismissal on the merits was in fact a request that the court exercise authority to decide the case, effectively waiving an objection to venue.  This issue was not briefed in the appeal, and neither counsel conceded or contended that the objection to venue was waived when they were asked about that possibility at oral argument.  We therefore do not evaluate the possibility that submitting an order implementing or defending a ruling on the merits of a claim might waive a challenge to venue.  This decision does, of course, hand Appellee a Pyrrhic victory if Bourke decides to pursue his claims in a proper venue, with a redrafted complaint, effectively requiring it to challenge his pleadings all over again before a different judge.