# IN THE SUPREME COURT, STATE OF WYOMING

## 2019 WY 122

OCTOBER TERM, A.D. 2019

*December 4, 2019*

STEVEN ARON and GALEN WOELK,
affiliated attorneys at law,

and

ARON & HENNIG, LLP, a Wyoming limited
liability partnership,

Petitioners,

v.                                                            S-19-0051

SPENCER WILLEY,

and

ETHAN G. WILLEY and ALEXUS N.
WILLEY, minor children, by and through
their next friend, Stephanie Withrow,

Respondents.

*Original Proceeding*
*Petition for Writ of Review*
*District Court of Sheridan County*
*The Honorable William J. Edelman, Judge*

*Representing Petitioners:*
 Anna Reeves Olson of Park Street Law Office, Casper, Wyoming.

*Representing Respondent:*
 Spencer Willey, Pro Se, Sheridan, Wyoming.

*Representing Respondents Ethan G. Willey and Alexus N. Willey:*
      David S. Barari of Goodsell Quinn, LLP, Rapid City, South Dakota.

*Before DAVIS, C.J., and FOX, KAUTZ, BOOMGAARDEN, and GRAY, JJ.*

**NOTICE:  This opinion is subject to formal revision before publication in Pacific Reporter Third. Readers are requested to notify the Clerk of the Supreme Court, Supreme Court Building, Cheyenne, Wyoming 82002, of any typographical or other formal errors so that correction may be made before final publication in the permanent volume.**

**BOOMGAARDEN**, Justice.

[¶1]    This case comes to the Court on a petition for writ of review.  The question we must examine is whether venue for this matter is proper in Sheridan County when the defendants reside, have their principal place of business, and were summoned in Albany County.  We conclude venue is not proper in Sheridan County and therefore reverse with instructions that the district court dismiss the complaint without prejudice.

*ISSUE*

[¶2]    The issue before us is straightforward: Did the district court abuse its discretion when it denied Steve Aron, Galen Woelk, and Aron & Hennig, LLP's motion to dismiss for improper venue?[1]

*FACTS*

[¶3]    Spencer Willey and his two minor children[2] brought this action in Sheridan County for legal malpractice against attorneys Aron and Woelk, and their firm, Aron & Hennig, LLP, a limited liability partnership.  Before this, Aron, in his capacity with the firm, represented the Willeys in several lawsuits in Sheridan County District Court related to sale of the family ranch by Spencer's father, Allen Willey.  The Willeys generally contended that due to Aron's actions and inactions during these suits, the minor Willey children lost their status as beneficiaries in the Allen F. Willey Trust under a no-contest clause and thereby suffered damages in excess of three million dollars.  Aron and Woelk[3] were served with the legal malpractice complaint at their place of business in Albany County.

[¶4]    Aron and Woelk filed a motion to dismiss the suit.  In their memorandum in support of this motion they argued, among other things, that venue was improper in Sheridan County.  Specifically, Aron and Woelk argued that venue was improper under Wyo. Stat. Ann. §§ 1-5-105 and 108 because they were residents of Albany County, had their principal place of business in Albany County, and were served in Albany County.  The district court denied the motion, found that Wyo. Stat. Ann. §§ 1-5-105 and 108 were permissive in nature, and held that venue was proper in Sheridan County under § 1-5-108, because Aron

---

[1] We refer to these petitioners collectively as "Aron and Woelk."
[2] The minor children filed the complaint by and through their "next friend" and mother Stephanie Withrow. The district court ultimately found "that non-attorney parents may not represent minor children in litigation in state court" and "allow[ed] Plaintiffs sixty (60) days . . . to obtain legal counsel to assist the minor children."  The minor children have since obtained legal counsel.
[3] Plaintiffs filed the complaint against Steve Aron and Galen Woelk as individuals and affiliated attorneys; their law firm, Aron & Hennig, LLP; and "Doe Defendants 1-5," individual attorneys also affiliated with the firm.  Though the Willeys reserved the right to name one or more such individuals as the Doe Defendants, they never did and, therefore, no Doe Defendants are currently party to this action.

1

and Woelk could reasonably have expected to be summoned to Sheridan County. We granted Aron and Woelk's petition for writ of review.

## STANDARD OF REVIEW

[¶5]   We generally review a district court's ruling concerning venue for abuse of discretion. *Saunders v. Saunders*, 2019 WY 82, ¶ 10, 445 P.3d 991, 996 (Wyo. 2019) (citing *Bourke v. Grey Wolf Drilling Co.*, 2013 WY 93, ¶ 14, 305 P.3d 1164, 1167 (Wyo. 2013)).  An abuse of discretion occurs when a court "commits an error of law." *Weinstein v. Beach*, 2014 WY 167, ¶ 8, 340 P.3d 1013, 1016 (Wyo. 2014) (quoting *Beckwith v. Weber*, 2012 WY 62, ¶ 54, 277 P.3d 713, 725 (Wyo. 2012)).  To the extent we must interpret Wyoming's venue statutes, and address other questions of law, our review is de novo with no deference to the district court's decision. *Saunders*, ¶ 10, 445 P.3d at 996 (citing *BTU W. Res., Inc. v. Berenergy Corp.*, 2019 WY 57, ¶ 14, 442 P.3d 50, 54–55 (Wyo. 2019); *Bourke*, ¶ 15, 305 P.3d at 1167).

## DISCUSSION

[¶6]   As we have explained in prior opinions, "[i]n civil cases, venue 'refers to the county, district, or other geographical location in which, for the sake of fairness, convenience, or other commanding policy considerations, a cause is to be tried.'" *Bourke*, ¶ 16, 305 P.3d at 1168 (quoting *State Farm Mut. Auto. Ins. Co. v. Kunz*, 2008 WY 71, ¶ 14, 186 P.3d 378, 382 (Wyo. 2008)).  Aron and Woelk assert that venue in Sheridan County is improper under both Wyo. Stat. Ann. §§ 1-5-105 and 108.  They first argue that venue is improper in Sheridan County because Wyo. Stat. Ann. § 1-5-105 permits an "[a]n action . . . against a corporation created under the laws of this state" to be brought only "in the county in which the corporation is situate or has its principal office or place of business," and their principal place of business is in Albany County.  Notably, however, Aron and Woelk cite no authority, and we have found none, to support the application of § 1-5-105 to a limited liability partnership.  Nor does § 1-5-105 address venue over the complaint against Aron and Woelk as individual, affiliated attorneys.  Because we resolve the venue issue as it pertains to all defendants under § 1-5-108, we need not decide whether § 1-5-105 might apply to Aron & Hennig, LLP.

[¶7]   In interpreting Wyo. Stat. Ann. § 1-5-108, our initial consideration is to determine the legislature's intent. *Riddle v. State*, 2017 WY 153, ¶ 10, 407 P.3d 392, 394 (Wyo. 2017) (citing *Wofford v. City of Laramie*, 2016 WY 59, ¶ 9, 375 P.3d 740, 743 (Wyo. 2016)).  In determining legislative intent, we must decide whether there is a "plain and ordinary meaning of the words used in the statute." *Sinclair v. City of Gillette*, 2012 WY 19, ¶ 8, 270 P.3d 644, 646 (Wyo. 2012) (quoting *Krenning v. Heart Mountain Irrigation Dist.*, 2009 WY 11, ¶ 9, 200 P.3d 774, 778 (Wyo. 2009)).

2

[¶8]    Wyo. Stat. Ann. § 1-5-108 (LexisNexis 2019) provides, in pertinent part:

> Every action not otherwise provided for in this chapter shall be brought in the county in which a defendant resides or may be summoned . . . .  If the action involves two (2) or more defendants, the action may be brought against all defendants in any county in which one (1) of the defendants resides or may be summoned.

[¶9]    In denying Aron and Woelk's motion to dismiss, the district court concluded that § 1-5-108 is "permissive in nature."  The court reasoned that because the legislature used the word "may," § 1-5-108 does not "unconditionally" require that an action "must be brought in the county where . . . a defendant resides."  The court further noted that "[d]efendants were properly served with the complaint in this matter [in Albany County], and it is perfectly reasonable to expect that they 'may be summoned' in Sheridan County."  The district court's broad interpretation cannot stand.

[¶10]  The word "shall" in the first sentence of § 1-5-108 unambiguously makes venue in the county in which the defendant resides or may be summoned mandatory unless another venue provision applies.  *Bourke*, ¶ 18, 305 P.3d at 1168 (citing *Anderson v. Bd. of Cnty. Comm'rs of Teton Cnty.*, 2009 WY 122, ¶ 22, 217 P.3d 401, 407 (Wyo. 2009)).  No other venue provision applies in this case.[4]  However, because this case involves two or more defendants, we more directly focus on the language in the second sentence of § 1-5-108— "the action may be brought against all defendants in any county in which one (1) of the defendants resides or may be summoned."

[¶11]  Our decision in *Bourke* conclusively settled the permissive scope of the phrase "may be brought" as used in our venue statutes.  In interpreting Wyo. Stat. Ann. § 1-5-107,[5] we held that the legislature unambiguously limited the permissive scope of the phrase "may be brought" such that it allows the plaintiff to choose only between the venue options which follow that phrase (i.e., "where the cause of action arose or where he resides").  *Bourke*, ¶ 20, 305 P.3d at 1169.  We decisively rejected any argument that we should read the

---

[4] In addition to Aron and Woelk's argument that § 1-5-105 applies, which we questioned but did not rule on for the reasons stated above, the Willeys argued to the district court that venue was proper in Sheridan County under Wyo. Stat. Ann. §§ 1-5-101(a)(i) and 104.  By their plain terms: § 1-5-101(a)(i) applies to actions "[f]or the recovery of real property, or of an estate or interest therein"; § 1-5-104 applies to actions "[f]or the recovery of a fine, forfeiture or penalty imposed by a statute"; "[a]gainst a public officer"; and "[o]n the official bond or undertaking of a public officer."  Wyo. Stat. Ann. §§ 1-5-101(a)(i), 1-5-104 (LexisNexis 2019).  These venue provisions clearly do not apply to the legal malpractice action at hand.

[5] Wyo. Stat. Ann. § 1-5-107 (LexisNexis 2019) states: "[a]n action . . . against a nonresident of this state or a foreign corporation . . . *may be brought* in any county where the cause of action arose or where the plaintiff resides."  (Emphasis added.)

permissive phrase "may be brought" in § 1-5-107 "so broadly as to authorize the filing of a complaint in any county in the state." *Id.* ¶ 22, 305 P.3d at 1169.

[¶12]  Likewise, we read the phrase "may be brought" in § 1-5-108 to allow this suit to be brought only in a county in which one of "the defendants resides or may be summoned." Because none of the defendants reside in Sheridan County, we must determine whether any of them "may be summoned" there.

[¶13]  We have yet to interpret the permissive scope of the phrase "may be summoned." The district court seems to have interpreted the word "may" in that phrase to mean "capable of," or "could reasonably expect to be" summoned.  That broad interpretation cannot stand, however, given the language of § 1-5-108, which reflects the legislature's determination of the "location[s] in which, for the sake of fairness, convenience, or other command policy considerations" this case must be tried.  *Id.* ¶ 21, 305 P.3d at 1169 (alteration in original) (quoting *Kunz*, ¶ 14, 186 P.3d at 382).

[¶14]  Legal malpractice defendants with state-wide practices likely are capable of, or might reasonably expect to be, summoned in any of Wyoming's 23 counties.  As a practical matter, however, they can only be summoned in the county in which they reside, or in any county in which service can be accomplished in accordance with W.R.C.P. 4.[6]

[¶15]  We must presume "that our legislature acts in a reasonable and thoughtful manner." *Bourke*, ¶ 21, 305 P.3d at 1169 (citations omitted).  We further "assume that the legislature did not intend futile things" and the statute must be interpreted as to avoid absurd results. *Corkill v. Knowles*, 955 P.2d 438, 444–45 (Wyo. 1988) (citing *State of Wyoming, Dept. of Family Services v. PAJ*, 934 P.2d 1257, 1262 (Wyo. 1997)).  If the legislature had intended that a legal malpractice action could be brought in any county in which plaintiffs theoretically are capable of summoning defendants or in which defendants theoretically could expect to be summoned, as opposed to being actually served with a summons, there would be no need for any specific county of residence or summoning provision.  The county of residence or summoning language would be rendered superfluous and § 1-5-108 would accomplish no venue specification purpose whatsoever.  For these reasons, we cannot read § 1-5-108 so broadly as to authorize the filing of the Willeys' complaint in Sheridan County, without the defendants being summoned in Sheridan County.  In this

---

[6] W.R.C.P. 4 governs service of summons.  Under subsection (e), an individual defendant within the United States may be served by delivery of the summons and complaint to the defendant personally or to the defendant's authorized agent; or by leaving copies of the summons and complaint with an authorized person at the defendant's home or place of business.  W.R.C.P. 4(e).  Under subsection (h)(1), "a partnership, or other unincorporated association, within the United States" shall be served "by delivery of copies to one or more of the partners or associates, or a managing or general agent thereof, or agent for process," or by leaving copies at the defendant's "usual place of business . . . with any employee then in charge[.]" *Id.* 4(h)(1).

case, § 1-5-108 required the Willeys to file their complaint in Albany County where the defendants were summoned (and reside).[7]

[¶16]  The district court abused its discretion when it denied Aron and Woelk's motion to dismiss based on an erroneous interpretation of the venue provision at Wyo. Stat. Ann. § 1-5-108.  We therefore reverse, and remand this case to be dismissed, without prejudice,[8] for improper venue.

---

[7] Other jurisdictions have likewise interpreted the phrase "may be summoned" to require a defendant or his agent to be present and summoned in a county outside the defendant's county of residence for venue to be proper there. *See, e.g.*, *Cattle Brokers, Inc. v. Billings*, 346 N.W.2d 264, 266–67 (Neb. 1984) (concluding that venue was improper in Seward County under Neb. Rev. Stat. § 25-409 (Reissue 1979), which required "that an action . . . against a resident or residents of this state be brought in the county where the defendant, or one of the defendants, resides or may be summoned," because neither defendant resided in Seward County and there had been no showing that defendant O'Neill National Bank "was found and summoned" there); *Hixon v. Chamberlin*, 243 P. 183, 185 (Okla. 1926) (reasoning that "[u]nder the provisions of Comp. Stat. 1921, § 207," whereby "all civil actions not otherwise specifically mentioned 'must be brought in the county in which the defendant or some one of the defendants resides or may be summoned[,]' [t]he phrase, 'may be summoned,' considered conjunctively with 'resides,' clearly implies personal volition on the part of the person to be served in placing himself where he 'may be summoned.'").
[8] "A dismissal for improper venue is not an adjudication on the merits and should be without prejudice." *Bourke*, ¶ 35, 305 P.3d at 1172 (citations omitted).